David KEISER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–93–246–CR.

Court of Appeals of Texas,
Austin.

July 6, 1994.

Discretionary Review Refused Oct. 12, 1994.

Clifton L. Holmes, Holmes Law Office, Longview, for appellant.

Ronald Earle, Dist. Atty., Christine White Tennon, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

David Keiser was convicted by a jury of aggravated assault and sentenced to two years' imprisonment. Tex.Penal Code Ann. § 22.02 (West 1989). On appeal, appellant contends that the trial court erred in: 1) allowing the jury to separate during its deliberations without affording appellant an opportunity to request sequestration; and 2) failing to properly instruct the jurors regarding their conduct when separated during deliberations. Appellant also complains of ineffective assistance of counsel. We will affirm the conviction.

Appellant's first two points of error address the jury's separation. The record reflects that after receiving its charge from the court, the jury retired to begin its deliberations at 10:02 a.m. on December 9, 1992. The court recessed at 6:30 p.m., but the record contains no description of proceedings held immediately before the jury's separation. At the hearing on appellant's motion for new trial, appellant's counsel, Carlos Barrera, testified that while he and appellant were waiting outside the courtroom on the evening of December 9th, the bailiff notified him that the jury had asked to go home for the night. Barrera immediately began to confer with appellant about moving to sequester the jury. A few minutes into their conversation, the jury filed past them and out of the courthouse. The following morning, after further deliberation, the jury returned a guilty verdict, and the court recessed until December 14th. Appellant did not object to the jury's separation until the morning of December 14th, when he moved for a mistrial before appellant was sentenced.

In his first point of error, appellant contends that the trial court erred in allowing the jury to separate during its deliberations without affording him an opportunity to move for sequestration. In felony cases the court on its own motion may, and on motion of either party must, order that the jury be sequestered after the charge is read. Tex. Code Crim.Proc.Ann. art. 35.23 (West Supp. 1994). The court must also use reasonable diligence to secure the presence of the defendant and his counsel before answering a written communication from the jury during its deliberations. Tex.Code Crim.Proc.Ann. art. 36.27 (West 1981). Appellant argues that article 35.23, combined with the requirements of article 36.27, mandates that the defendant be provided an opportunity to be heard on the issue of jury separation when the issue arises, even if no such request was made before the jury began deliberating. We disagree.

■ Appellant's right to have the jury sequestered is one that is forfeited if no motion to sequester is made. *Hood v. State,* 828 S.W.2d 87, 92 (Tex.App.—Austin 1992, no pet.) (jury may separate after the court's charge is read unless a motion is made that the jury be sequestered). Therefore, to preserve for appeal a complaint that the trial court has deprived him of the right to have the jury sequestered, the defendant must first timely request sequestration. *See* Tex. R.App.P. 52(a) (party must present to the trial court timely request, objection, or motion in order to preserve complaint for appellate review). A timely request is one that is made before jury deliberations begin or before the jury asks to separate. Without such a request, it is within the trial court's discretion to permit the jury to separate.

■ Appellant, however, allowed the jury to continue its deliberations after separation, reach a verdict, and move on to the punishment phase of the trial before he complained of its separation. We believe that a defendant should not be permitted to await the outcome of the jury's deliberations and only complain of jury separation later if he is unhappy with the verdict. Appellant had ample opportunity to move for sequestration before and throughout the trial. Because appellant failed to request sequestration, he has not preserved his complaint for review.

Consequently we overrule the first point of error.

Appellant asserts in his second point of error that the trial court failed to instruct the jury regarding its conduct before its separation on December 9th. *See* Tex.Code Crim. Proc.Ann. art. 35.23 (West Supp.1994) (court shall give jurors proper instructions regarding their conduct as jurors when separated). He argues that since the court did not convene to allow separation, it is obvious that no instructions were given.

■ The record does not reflect the actions of the trial court before the jury's separation on December 9th. When the record is silent, there is a presumption that the trial court complied with procedural rules. *Green v. State*, 510 S.W.2d 919, 921 (Tex.Crim.App. 1974). The record reflects at least three instances during jury selection and trial in which the court instructed the jury as to proper conduct or reminded the jury of its earlier instructions. Appellant provides no basis for his contention that the court deviated from this practice. Point of error two is overruled.

Finally, appellant complains that he received ineffective assistance of counsel. He asserts that his trial counsel failed to object to questions by the State concerning inadmissible extraneous offenses, and that this failure prejudiced his defense. *See* Tex.R.Crim. Evid. 404(b) (evidence of other crimes, wrongs or acts not admissible to prove the character of the person in order to show conformity therewith).

■ There are two components to a claim of ineffective assistance of counsel. First, appellant must show that his counsel's performance was deficient in that his attorney made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. Second, appellant must show that, but for his trial counsel's alleged unprofessional errors, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The *Strickland* analysis has been adopted by Texas courts as the analysis for reviewing an ineffective assistance of counsel claim under the Texas Constitution. *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986); *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex.App.—Austin 1992, pet. refused).

Appellant has the burden of proving, by a preponderance of the evidence, that his counsel was ineffective. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985); *Haynes v. State*, 790 S.W.2d 824, 827 (Tex. App.—Austin 1990, no pet.). In so doing, appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

■ The victim in this case, Karen Ferguson, accused appellant of threatening her with a gun and attempting to enter her home. She stated that he parked his car in her driveway, walked up to her door asking for directions, and pointed a gun at her through her screen door. Appellant testified that he stopped at Karen's house to ask for directions. He admitted having a gun at the time, but stated that he left the gun on the passenger seat of his car. During direct examination, appellant was asked why he kept the gun. He replied that he had been the victim of a stabbing and several burglaries and that he kept the gun for protection.

On cross-examination the State asked appellant why he kept the gun, and appellant again referred to the instances of the stabbing and burglaries. The State then asked appellant if he had been involved in other "stabbing incidents." The State further questioned appellant regarding three separate occasions when he allegedly threatened someone with a knife, threatened someone with a gun, and started a fight with a pawn shop employee. Appellant's trial counsel did not object to any of the State's questions regarding these specific acts. Appellant argues that the State's questioning was objectionable because it attempted to introduce inadmissible evidence of the appellant's previous conduct and that trial counsel's failure to object constituted substandard performance.

Regardless of whether the questions were proper, appellant fails to prove by a preponderance of the evidence that his counsel's silence regarding the questions was not an exercise of sound trial strategy. Rather than call attention to the questions by objecting before the jury, counsel addressed and attempted to explain the situations mentioned by the State on redirect examination. Later, out of the hearing of the jury, appellant's counsel requested that a limiting instruction regarding the extraneous offenses be included in the court's charge to the jury. Clearly, counsel was concerned about the effect of the questions on the jury but did not want to call greater attention to them than was necessary.

Furthermore, the failure to object to inadmissible evidence concerning extraneous offenses does not, by itself, render counsel ineffective within the meaning of the Sixth Amendment. Whether the *Strickland* standard has been met is to be judged by the totality of representation rather than by isolated acts or omissions of trial counsel. *Haynes*, 790 S.W.2d at 827. In this case, appellant's counsel filed several pretrial motions, including a motion to compel the State's discovery responses and two motions in limine that resulted in rulings favorable to appellant. Counsel cross-examined the State's witnesses, made several objections that were sustained, and requested several voir dire examinations of the State's witnesses. On the two-count indictment, appellant was found guilty of the lesser offense of aggravated assault with a deadly weapon. The punishment assessed against appellant was two years out of a maximum of ten years of confinement.

Considering all of the facts and circumstances, appellant has failed to show that his trial counsel was ineffective. The totality of trial counsel's representation was well above the minimum constitutional standard enunciated in *Strickland*. Appellant's third point of error is overruled.

Finding no error, we affirm the judgment of conviction.