TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-01-00123-CR






John Franklin Neill, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 554109, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING 







 John Franklin Neill appeals from his misdemeanor conviction for driving while
intoxicated. Tex. Pen. Code Ann. § 49.04 (West Supp. 2002). After the jury found appellant guilty,
the trial court assessed punishment at 120 days' confinement and a $2000 fine, probated to
community supervision for two years. In two points of error, appellant contends that the trial court
erred in overruling his motion for new trial and in overruling his motion to suppress. We will affirm
the trial court judgment.


Factual and Procedural Background


 In February 2000, shortly before midnight, Sherrie Penberthy was in her automobile
waiting in the drive-through lane of a fast food restaurant. She had just placed her order when a
large white Ford Excursion pulled in behind her. Appellant, the driver, began shouting at her and
revving his vehicle's engine. Penberthy became alarmed and called for police assistance from her
cell phone. Appellant then rammed the rear bumper of Penberthy's car with his Excursion.

 Officer Mario Gutierrez arrived within a few minutes in response to Penberthy's call. 
Appellant initially denied that a collision had occurred. He then claimed that Penberthy had caused
the collision by backing her car into his vehicle. Gutierrez characterized appellant's attitude as angry
and "smart-aleck." Gutierrez smelled a strong odor of alcohol on appellant and noticed he had red
eyes and slurred speech. Gutierrez told appellant to wait in the parking lot and called for a DWI task
force officer.

 Officer James Boujemaa arrived and first interviewed Penberthy, who repeated her
account of the collision. Boujemaa spoke to appellant, who claimed to have had only two beers that
night. Boujemaa observed appellant's bloodshot, watery eyes, heard his slurred speech, and detected
a strong odor of alcohol on appellant's breath. Boujemaa then administered three field sobriety tests,
all of which appellant failed. Boujemaa arrested appellant and transported him to the police station. 
An inventory search of appellant's vehicle revealed a three-quarter-full bottle of whiskey within his
immediate reach. 


Discussion



Motion for New Trial


 Appellant's first point of error contends that the trial court erred in overruling his
motion for new trial, which asserted that the jury unlawfully separated during deliberations. Tex.
Code Crim. Proc. Ann. art. 35.23 (West Supp. 2002). In his affidavit in support of motion for new
trial, appellant testified that he was in the courtroom and saw two jurors return to the courtroom and
view a videotape. The trial court held an evidentiary hearing on the motion. At a hearing on a
motion for new trial, the judge is the trier of fact, and the court's findings will not be disturbed
absent an abuse of discretion. See Salazar v. State, 38 S.W.2d 141, 148 (Tex. Crim. App. 2001);
Scaggs v. State, 18 S.W.3d 277, 286 (Tex. App.--Austin 2000, pet. ref'd).

 One juror testified that after the court's charge was read and during deliberations on
guilt/innocence, he and the foreperson went into the courtroom and reviewed State's Exhibit Number
One, the videotape made of appellant at the police station. The juror testified that appellant, his
counsel, and others were in the courtroom. The bailiff, however, testified that the jurors did not
leave the jury room. There is no contention that any juror had any improper contact with any person. 
Only the one juror and the bailiff testified at the hearing on the motion for new trial.

 The State first argues that no "separation" occurred. The State notes that, even if the
juror and foreperson had returned to the courtroom, the remainder of the jurors were still within
earshot about thirty feet away and the tape was brief. That some jurors are a short distance away
from the rest of the jury does not constitute an unlawful separation if they do not converse with any
third person about the case. See Patterson v. State, 293 S.W. 570, 570-71 (Tex. Crim. App. 1927)
(some jurors in drug store, some on sidewalk, all within view of deputy sheriff); Gibson v. State, 121
S.W.2d 361, 362-63 (Tex. Crim. App. 1938) (eleven jurors went to water fountain accompanied by
deputy sheriff while one waited in jury box in open court); Pearson v. State, 165 S.W.2d 725, 730
(Tex. Crim. App. 1942) (one juror walked twenty or twenty-five feet away to buy newspaper while
in the view of the deputy sheriff).

 Further, appellant was charged with a misdemeanor. Under article 35.23, "[i]n
misdemeanor cases the court may, at its discretion, permit the jurors to separate at any time before
the verdict." There is no provision calling for the court, on motion of any party, to prevent the jury
from separating. In any event, appellant never made such a motion.

 Even if a separation occurred, appellant did not preserve error for review. Although
appellant and his counsel said they were in the courtroom when this alleged separation occurred, they
did not raise any issue concerning that separation before the motion for new trial. In Keiser v. State,
880 S.W.2d 222, 223 (Tex. App.--Austin 1994, pet. ref'd), this Court observed: "Appellant,
however, allowed the jury to continue in its deliberations after separation, reach a verdict, and move
on to the punishment phase of the trial before he complained of its separation. We believe that a
defendant should not be permitted to await the outcome of the jury's deliberations and only complain
of jury separation later if he is unhappy with the verdict." Keiser dealt with a failure to move to
prevent separation in a felony trial. However, we think the same logic applies to this situation
concerning an alleged separation in a misdemeanor trial. Cf. Hood v. State, 828 S.W.2d 87, 92-93
(Tex. App.--Austin 1992, no pet.) (timely motion to prevent separation and timely objection to court
allowing jury to separate; separation mandatory under circumstances and reversible error to permit). 
Appellant had adequate opportunity to object to the separation, if any, before the jury returned its
verdict. Accordingly, we conclude that appellant did not preserve this point for review and overrule
his first point of error.


Motion to Suppress


 In his second point of error, appellant contends that the trial court erred in overruling
his motion to suppress evidence. He claims that no probable cause to arrest him existed. Therefore,
he asserts that any evidence obtained after that arrest was the improper fruit of a warrantless arrest.

 A trial court's ruling on a motion to suppress is reviewed using an abuse of discretion
standard of review. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). We review a
suppression ruling using a bifurcated standard, giving almost total deference to the trial court's
findings of historical facts, but conducting a de novo review of the court's application of law to those
facts. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.3d 85,
89 (Tex. Crim. App. 1997). Probable cause to arrest exists when an officer has reasonably
trustworthy information sufficient to support a reasonable person in the belief that the subject is
committing or has committed an offense. Hughes v. State, 878 S.W.2d 142, 154 (Tex. Crim. App.
1992). In reviewing the trial court's ruling, the appellate court should consider the totality of the
circumstances then existing. Guzman v. State, 955 S.W.2d at 87.

 In this case, the first officer who arrived on the scene came in response to Penberthy's
distress call. Penberthy was still on the scene and reported the collision. Appellant did not deny
driving the white Excursion; rather he claimed that Penberthy had backed her car into his. The
officer noticed the smell of alcohol on appellant, his red eyes and slurred speech and called for a
DWI enforcement officer. That officer was given the same information, made the same observations
about appellant's condition, administered the field sobriety tests, and observed appellant failing those
tests.

 Probable cause existed to arrest appellant for driving while intoxicated. Appellant
effectively admitted he was operating the vehicle by contending that Penberthy backed into him in
the drive-though lane. He was operating his motor vehicle in a public place. See State v. Nailor, 949
S.W.2d 357, 359 (Tex. App.--San Antonio 1997, no pet.) (parking garage of Holiday Inn); Thibaut
v. State, 782 S.W.2d 307, 308 (Tex. App.--Eastland 1989, no pet.) (parking lot of multi-unit
condominium complex that was accessible to public). The information given by the eyewitness and
the officers' observations at the scene were enough to constitute probable cause that appellant was
driving while intoxicated. Accordingly, the trial court did not err in overruling appellant's motion
to suppress. We overrule appellant's second point of error.


Conclusion



 We hold that the trial court did not abuse its discretion in overruling appellant's
motion for new trial and did not err in overruling appellant's motion to suppress. We affirm the trial
court judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: July 26, 2002

Do Not Publish