TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-01-00123-CR







John Franklin Neill, Appellant




v.




The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 554109, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING






 We withdraw our opinion and judgment of July 26, 2002, and substitute the following
in its place. John Franklin Neill appeals from his misdemeanor conviction for driving while
intoxicated. Tex. Pen. Code Ann. § 49.04 (West Supp. 2002). After the jury found appellant guilty,
the trial court assessed punishment at 120 days' confinement and a $2000 fine, probated to
community supervision for two years. In two points of error, appellant contends that the trial court
erred in overruling his motion for new trial and in overruling his motion to suppress. We will affirm
the trial court's judgment.


Factual and Procedural Background


 In February 2000, shortly before midnight, Sherrie Penberthy was in her automobile
waiting in the drive-through lane of a fast food restaurant. She had just placed her order when a
large white Ford Excursion pulled in behind her. Appellant, the driver, began shouting at her and
revving his vehicle's engine. Penberthy became alarmed and called for police assistance from her
cell phone. Appellant then rammed the rear bumper of Penberthy's car with his Excursion.

 Officer Mario Gutierrez arrived within a few minutes in response to Penberthy's call. 
Appellant initially denied that a collision had occurred. He then claimed that Penberthy had caused
the collision by backing her car into his vehicle. Gutierrez characterized appellant's attitude as angry
and "smart-aleck." Gutierrez smelled a strong odor of alcohol on appellant and noticed he had red
eyes and slurred speech. Gutierrez told appellant to wait in the parking lot and called for a DWI task
force officer.

 Officer James Boujemaa arrived and first interviewed Penberthy, who repeated her
account of the collision. Boujemaa spoke to appellant, who claimed to have had only two beers that
night. Boujemaa observed appellant's bloodshot, watery eyes, heard his slurred speech, and detected
a strong odor of alcohol on appellant's breath. Boujemaa then administered three field sobriety tests,
all of which appellant failed. Boujemaa arrested appellant and transported him to the police station. 
An inventory search of appellant's vehicle revealed a three-quarter-full bottle of whiskey within his
immediate reach.


Discussion


Motion for New Trial

 Appellant's first issue contends that the trial court erred in overruling his motion for
new trial. Appellant moved for a new trial based on jury misconduct. In his affidavit in support of
his motion for new trial, appellant testified that he was in the courtroom and saw two jurors return 
to the courtroom and view a videotape. The trial court held an evidentiary hearing on the motion. 

 One juror testified that after the court's charge was read and during deliberations on
guilt/innocence, he and the foreperson went into the courtroom and reviewed State's Exhibit Number
One, the videotape made of appellant at the police station. This juror testified that the foreperson
pointed out parts of the videotape that the foreperson considered as indications of intoxication. The
juror testified that appellant, his counsel, and others were in the courtroom. The bailiff, however,
testified that the jurors did not leave the jury room. On cross-examination, the bailiff was somewhat
uncertain about whether there could have been a lapse in her attention such that someone might have
been able to leave, but she ultimately affirmed her statement that no jurors left the jury room. There
is no contention that any juror had any improper contact with any third party, received outside
evidence, or committed any other form of misconduct. See Tex. R. App. P. 21.3 (grounds for new
trial in criminal cases). Only the one juror and the bailiff testified at the hearing on the motion for
new trial.

 At a hearing on a motion for new trial, the judge is the trier of fact, and the court's
findings will not be disturbed absent an abuse of discretion. See Salazar v. State, 38 S.W.2d 141,
148 (Tex. Crim. App. 2001); Scaggs v. State, 18 S.W.3d 277, 286 (Tex. App.--Austin 2000, pet.
ref'd). Determinations of historical fact and assessment of witness credibility and believability are
left almost entirely to the discretion of the trial judge. See Hughes v. State, 24 S.W.3d 833, 843
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Appellant
has the burden of proving the allegation of juror misconduct. Hughes, 24 S.W.3d at 843; Patrick
v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). If there is conflicting evidence on an issue
of fact as to misconduct, the judge determines the issue and there is no abuse of discretion in
overruling the motion for new trial. Salazar, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); Hughes,
24 S.W.3d at 843; Sneed v. State, 670 S.W.2d 262, 266 (Tex. Crim App. 1984).

 The basis that was urged for the misconduct is that the jury improperly separated, and
then the two separated jurors deliberated in public. See Tex. Code Crim. Proc. Ann. art. 35.23 (West
Supp. 2002). Although the alleged misconduct occurred in the presence of and was known to
appellant and his counsel before the jury returned its verdict, the error was not raised until after the
jury announced its verdict. The trial judge was in the courtroom when the jury returned. The record
does not reflect any request by counsel for a bench conference or any earlier attempt to alert the court
to the problem. As this Court previously has observed: "Appellant, however, allowed the jury to
continue in its deliberations after separation, reach a verdict, and move on to the punishment phase
of the trial before he complained of its separation. We believe that a defendant should not be
permitted to await the outcome of the jury's deliberations and only complain of jury separation later
if he is unhappy." Keiser v. State, 880 S.W.2d 222, 223 (Tex. App.--Austin 1994, pet. ref'd). The
failure to bring this misconduct to the court's attention at the first possible opportunity was a factor
that might have entered into the trial court's assessment of credibility that led to the denial of the
motion for new trial.

 The court had before it conflicting evidence on the issue of whether a separation
occurred and whether any jurors then engaged in deliberations apart from the rest. However, the
court did not have before it any testimony from the second juror alleged to have been involved in
viewing the videotape and discussing it. Neither did the court have before it any of the other persons
alleged to have been in the courtroom. The absence of this testimony could have been a factor in the
court's consideration of the motion for new trial. Ultimately, the resolution of the conflicting
testimony between the two witnesses, and the weight and credibility given to the testimony of each,
were matters within the trial court's discretion as the trier of fact. See Salazar, 38 S.W.3d at 141;
Hughes, 24 S.W.3d at 833. The trial court resolved the conflicting testimony against appellant.
Accordingly, we overrule appellant's first issue and hold that the trial court did not abuse its
discretion in overruling appellant's motion for new trial.


Motion to Suppress


 In his second issue, appellant contends that the trial court erred in overruling his
motion to suppress. He claims that no probable cause existed to arrest him. Therefore, he asserts
that any evidence obtained after that arrest was the improper fruit of a warrantless arrest.

 A trial court's ruling on a motion to suppress is reviewed using an abuse of discretion
standard of review. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). We review a
suppression ruling using a bifurcated standard, giving almost total deference to the trial court's
findings of historical facts, but conducting a de novo review of the court's application of law to those
facts. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d at
89. Probable cause to arrest exists when an officer has reasonably trustworthy information sufficient
to support a reasonable person in the belief that the subject is committing or has committed an
offense. Hughes v. State, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992). In reviewing the trial
court's ruling, the appellate court should consider the totality of the circumstances then existing. 
Guzman v. State, 955 S.W.2d at 87.

 In this case, the first officer who arrived on the scene had arrived in response to
Penberthy's distress call. Penberthy was still on the scene and reported the collision. Appellant did
not deny driving the white Excursion; rather he claimed that Penberthy had backed her car into his. 
The officer noticed the smell of alcohol on appellant, his red eyes, and his slurred speech. He called
for a DWI enforcement officer. That officer was given the same information, made the same
observations about appellant's condition, administered the field sobriety tests, and observed
appellant failing those tests.

 At that point, probable cause existed to arrest appellant for driving while intoxicated. 
Appellant effectively admitted he was operating the vehicle by contending that Penberthy backed
into him in the drive-through lane. He was operating his motor vehicle in a public place. See State
v. Nailor, 949 S.W.2d 357, 359 (Tex. App.--San Antonio 1997, no pet.) (parking garage of Holiday
Inn); Thibaut v. State, 782 S.W.2d 307, 308 (Tex. App.--Eastland 1989, no pet.) (parking lot of
multi-unit condominium complex that was accessible to public). The information given by the
eyewitness and the officers' observations at the scene were enough to constitute probable cause that
appellant was driving while intoxicated. Accordingly, the trial court did not err in overruling
appellant's motion to suppress. We overrule appellant's second issue.


Conclusion


 We hold that the trial court did not abuse its discretion in overruling appellant's
motion for new trial and did not err in overruling appellant's motion to suppress. We affirm the
trial- court judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: October 3, 2002

Do Not Publish