Affirmed and Memorandum Opinion filed April 24, 2003









Affirmed and Memorandum Opinion filed April 24, 2003.

 

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00412-CR

____________

 

DARRELL EUGENE SPEARS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 876,900

 



 

M E M O R A N D U M   
O P I N I O N

A jury found appellant guilty of possession of a controlled
substance, and the trial court sentenced appellant to twenty-five years’ confinement
in the Texas Department of Criminal Justice, Institutional Division.  On appeal, appellant complains that (1) the
trial court erred by allowing the jury to separate once the jury charge had
been read, and (2) the trial court erred by allowing the State to impeach a
witness with convictions more than ten years old.  We affirm.








FACTUAL BACKGROUND

Two police officers were conducting a narcotics investigation
at an apartment complex when they noticed appellant darting between cars
apparently to avoid being detected.  The
officers quickly approached appellant and asked whether he lived at the
complex.  Appellant then dropped a “white
chunk” out of his hand.  It appeared to
the officers appellant was going to flee, so they arrested him.  The officers then retrieved the item
appellant dropped and conducted a field test on it.  The substance tested positive for crack
cocaine.

 

DISCUSSION

Appellant raises two issues on appeal.  In his first issue, appellant contends the
trial court erred by allowing the jury to separate after they began
deliberations.  Second, appellant
complains the trial court erred by allowing the State to impeach a witness with
convictions more than ten years old.

I.          Jury
Separation

First, appellant contends the trial court erred by allowing
the jury to separate after the trial court read the charge.  However, as we explain below, because
appellant did not object at the earliest possible opportunity, he waived any
complaint.








Texas law no longer forbids the separation of jurors after
the trial court reads the jury charge.  Tex. Code Crim. Proc. Ann. art. 35.23
(Vernon 1989 & Supp. 2003); Sanchez
v. State, 906 S.W.2d 176, 177 (Tex. App.CFort Worth 1995, writs dism=d & ref’d).  Texas now allows separation “unless the court
or a party makes a motion to sequester the jury or a party timely
objects to a request to separate.”  Sanchez, 906 S.W.2d at 177 (emphasis
given).  Appellant did not file a motion
to sequester, so his only alternative was a timely objection.  A timely objection to jury separation is an
objection at the “earliest possible opportunity.”  Id.; Keiser v. State, 880
S.W.2d 222, 223B24 (Tex. App.CAustin 1994, pet. ref=d) (holding that because appellant
waited to object to separation until after the jury reached a verdict,
appellant did not preserve error).  If
the defendant objects at the earliest possible opportunity, the trial court must
honor the defendant=s request.  See Tex. Code Crim. Proc. Ann. art. 35.23.[1]

Here, the trial court read the jury charge and the
jury began deliberating on March 26, 2002. 
The trial court dismissed the jury that night and instructed them to
return the next day.  It was not until
the end of the day on March 27, 2002 that appellant objected to the separation
of the jurors and moved for a mistrial. 
The trial court held that because appellant allowed the jury to separate
previously without objection, he waived any error.  We agree. 
The earliest possible opportunity for appellant to object to the
separation of the jury was March 26, 2002, before the judge allowed the jury to
disperse for the first time.  Appellant
did not object, and therefore he waived any future objections to separation.




II.        Impeachment
of Witness

Second, appellant complains the trial court erred when it
allowed the State to impeach a witness with prior convictions more than ten
years old.  We find that the Theus probative
versus prejudicial test was met and therefore that the trial court did not abuse
its discretion.








The decision to admit remote
convictions lies within the trial court=s
discretion. Tex. R. Evid. 609.  Absent an abuse of discretion, we do not
reverse the trial court's ruling.  Lucas v. State, 791 S.W.2d 35, 51
(Tex. Crim. App. 1989); Jackson v.
State, 50 S.W.3d 579, 591 (Tex. App.CFort Worth
2001, pet. ref’d).  “In reviewing the trial court’s
conduct in weighing these factors and decision in admitting into evidence a
prior conviction, we must accord the trial court ‘wide discretion.’”  Theus v. State, 845 S.W.2d 874, 881
(Tex. Crim. App. 1992).  When a trial
court=s decision to admit prior convictions
lies outside the “zone of reasonable disagreement,” a reversal is
required.  Id.

Before the Texas rules were in place, cases generally barred
evidence of convictions older than ten years to impeach a witness.  See Hernandez v. State, 976 S.W.2d
753, 755 (Tex. App.CHouston [1st Dist.]) 1998, pet. ref=d). 
However, those cases recognized an exception that if the evidence showed
a lack of reformation, including evidence of a subsequent felony or misdemeanor
involving moral turpitude, the prior convictions could be admitted in
evidence.  See Lucas, 791 S.W.2d
at 51; McClendon
v. State, 509 S.W.2d 851, 855
(Tex. Crim. App. 1974); Crisp v. State,
470 S.W.2d 58, 59 (Tex. Crim. App. 1971). 
Evidence of the witness’s lack of reformation reduced prejudice from the
remote conviction. See Oates v. State, 67 Tex. Crim. 488, 149 S.W. 1194,
1195B97 (1912).  The Rules of Evidence codified the general
rule and limited impeachment to convictions within the past ten years “unless
the court determines, in the interests of justice, that the probative value of
the conviction supported by specific facts and circumstances substantially
outweighs its prejudicial effect.”  Tex. R. Evid. 609(b).

Here, Lorisa Lindsay testified for the defense that she did not
witness appellant drop anything on the ground. 
The State then attempted to impeach Lindsay’s credibility with all of
her past convictions.  One conviction, a
felony theft in 1996, fell within the ten-year time limit under Rule 609.  Tex.
R. Evid. 609(b).  However, the
four other convictions were more than ten years old.[2]  The trial court commented that the previous
four crimes showed Lindsey had “a lack of reformation.”  The decision to admit the previous crimes was
within the trial court’s discretion.








The trial court found that the probative value of the prior
convictions outweighed any prejudice.  See,
e.g., Hernandez, 976 S.W.2d at 756. 
In Theus, the Court of Criminal Appeals set out a five-part test
to weigh the probative value of the conviction versus its prejudicial effect.  Theus v. State, 845 S.W.2d 874 (Tex.
Crim. App. 1992).  The trial court should
look to (1) the impeachment value of the prior crime, (2) the temporal
proximity of the prior crime, (3) the similarity between the charged crime and
the past crimes, (4) the importance of the witness’s testimony, and (5) the
importance of the witness’s credibility. 
Id.  at 880.  Below we use the five Theus factors to
determine whether the probative value of Lindsey=s four other convictions outweighed
their prejudicial effect.  Id.

First, the impeachment value of crimes involving deception is
higher than crimes involving violence.  Theus,
845 S.W.2d at 881.  Two of Lindsey’s
prior convictions involved crimes of deception, namely theft.  Her other two convictions involved possession
of a controlled substance, which neither favor nor disfavor admission.  Therefore, the first factor weighs toward
admitting Lindsey’s two prior convictions of theft, and the first factor is
neutral toward admitting Lindsey’s prior convictions of possession.

The second factor favors admission of past crimes that are
recent or demonstrate that the witness has a propensity for running afoul of
the law.  Id.  Even though these four crimes are not recentCall are outside the ten-year windowCthey do show Lindsey’s absence of
rehabilitation, a fact the trial court itself noted.  Therefore, this second factor slightly favors
admitting the four previous crimes in evidence. 


Third, if the past crime and the charged crime are similar,
the trial court should not admit the past crime.  See id. 
Because Lindsey was a fact witness, as opposed to the defendant,
this factor does not apply. 








Finally, the last two factors are
related because both depend on the nature of the defense available to
appellant.  See id.  If appellant’s credibility is an
important factor to his defense, then impeaching his credibility, or the
credibility of his witnesses, is also important. See id.; see also
Simpson v. State, 886 S.W.2d 449, 452B53 (Tex. App.CHouston [1st Dist.] 1994, pet. ref’d)
(“When a case involves the testimony of only the defendant and the State’s
witnesses, the importance of the defendant’s credibility and testimony
escalates; so does the State’s need for an opportunity to impeach the defendant’s
credibility.”).  Here, only two police
officers, appellant, and Lindsey testified. 
Both officers testified appellant dropped the cocaine, while appellant
and Lindsey testified he did not.  Each
witness=s credibility was critical to the
outcome of the case. When this occurs, courts favor admitting impeaching
evidence.  See Theus, 845 S.W.2d
at 881; Woodall v. State, 77 S.W.3d 388, 396 (Tex. App.CFort Worth 2002, pet. ref=d). 
Because all the relevant Theus factors lean toward admitting the
prior convictions, we do not find the trial court abused its discretion when it
allowed the State to impeach Lindsey.  We
overrule appellant=s last issue.

In conclusion, we overrule both of
appellant’s issues, and we affirm the judgment of the trial court.

 

/s/        Wanda
McKee Fowler

Justice

 

 

 

 

 

 

Judgment rendered and Memorandum
Opinion filed April 24, 2003

Panel consists of Chief Justice
Brister, Justices Fowler and Murphy.[3]

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The statute
provides, in part, the following:

 

The court may adjourn veniremen to any day of the
term.  When jurors have been sworn in a
felony case, the court may, at its discretion, permit the jurors to separate
until the court has given its charge to the jury.  The court on its own motion may and on the
motion of either party shall, after having given its charge to the jury,
order that the jury not be allowed to separate, after which the jury shall be
kept together, and not permitted to separate except to the extent of housing
female jurors separate and apart from male jurors, until a verdict has been
rendered or the jury finally discharged.

 

Tex. Code Crim. Proc. Ann. art. 35.23 (emphasis added).





[2]  Lindsay was
convicted of one count of misdemeanor theft in 1986 and one count of
misdemeanor theft in 1989.  She was
convicted of two counts of possession of a controlled substance in 1985.





[3]  Senior Chief
Justice Paul C. Murphy participating by assignment.