

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00078-CR

_____

WILLIAM DEWAYNE WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-14-25152

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

The jury found that William Dewayne White knowingly delivered less than one gram of methamphetamine in a drug-free zone, a third degree felony.[1]  After the trial court found one of the State's enhancement allegations "true," White was sentenced to fifteen years' imprisonment.

On appeal, White argues (1) that the trial court erred in recalling and seating an alternate juror who was allowed to leave the courtroom after the charge was read to the jury, (2) that the statute for the offense is unconstitutional because it fails to require a culpable mental state, and (3) that while the evidence was sufficient to show that he delivered a controlled substance, it was insufficient to support a finding that he delivered the controlled substance while knowingly being in a drug-free zone.  We find that White failed to preserve his first two issues for appeal and that the State was not required to prove that White's knowing delivery of methamphetamine occurred while he knew he was in a drug-free zone.  Accordingly, we affirm the trial court's judgment.

I.      **Complaint Involving Alternate Juror Is Unpreserved**

Following voir dire, which resulted in the seating of an alternate juror, the trial court provided comprehensive instructions to the jury that, among other things, warned them not to discuss the case with others or perform any individual investigation.  After closing arguments, the trial court held the alternate juror and retired the remaining jurors to deliberate.  The trial court then allowed the alternate juror to leave the courtroom, but reminded him that he was subject to

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (West 2010); Act of May 13, 2011, 82d Leg., R.S., ch. 170, § 6, 2011 Tex. Gen. Laws 707, 712 (amended 2015) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West Supp. 2015)).

recall and was to "follow all of the rules that [had] been in place." Neither White nor the State objected to the trial court's decision to allow the alternate juror to leave the courtroom.

As the jury was deliberating, the trial court discovered that one of the jurors, Marie Cooper, was on felony community supervision for a theft offense.[2] The trial court decided to release Cooper and recall the alternate juror. White then made the following objection:

> Your Honor, for purposes of the record, we would object. I know [the alternate juror] has been here throughout the whole trial; however, Ms. Cooper has been in and out of the jury room. Who knows what they have already discussed since they have been in deliberations now for a little over 30, 45 minutes. We would object to removal. I think it prejudiced the defendant in this case and we would ask -- first we would object to substituting the jurors, and then we will ask that Ms. Cooper be removed and ask for a mistrial, as well.

On appeal, White argues that the trial court erred in failing to sequester the alternate juror and in allowing him to leave the courtroom.[3] The State argues that White's point of error is not preserved. We agree.

A trial court is permitted to allow the jury to separate after the court's charge is read "unless the court or a party makes a motion to sequester the jury or a party timely objects to a request to separate." *Sanchez v. State*, 906 S.W.2d 176, 178 (Tex. App.—Fort Worth 1995, pet. ref'd & pet. dism'd) (citing *Krueger v. State*, 843 S.W.2d 726, 728 (Tex. App.—Austin 1992, pet. ref'd) (per curiam)); *see* TEX. CODE CRIM. PROC. ANN. art. 35.23 (West 2006). "Therefore, the defendant

---

[2]*See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(3) (West 2006).

[3]Article 33.011 of the Texas Code of Criminal Procedure states, "An alternate juror who does not replace a regular juror shall be discharged after the jury has rendered a verdict on the guilt or innocence of the defendant . . . ." TEX. CODE CRIM. PROC. ANN. art. 33.011 (West Supp. 2014). Citing to this Article, White argues that the alternate juror was discharged and then permitted to return. However, it is clear that the alternate juror was specifically informed that he could be recalled and was, in fact, recalled before the jury rendered its verdict. Thus, the alternate juror was never discharged under Article 33.011.

3

must either timely file a motion to sequester or timely object to a request to separate to preserve for appeal a complaint that the trial court deprived the defendant of the right to have the jury sequestered." *Sanchez*, 906 S.W.2d at 178; *see Polk v. State*, 367 S.W.3d 449, 454 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *Callen v. State*, 303 S.W.3d 322, 326 (Tex. App.—Eastland 2009, pet. ref'd). A timely objection is one that is made at the earliest possible opportunity or one "'that is made before jury deliberations begin or before the jury asks to separate.'" *Sanchez*, 906 S.W.2d at 178 (quoting *Keiser v. State*, 880 S.W.2d 222, 223 (Tex. App.—Austin 1994, pet. ref'd)). Further, Rule 33.1 of the Texas Rules of Appellate Procedure states,

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> (1)      the complaint was made to the trial court by a timely request, objection, or motion that:
>
> (A)      stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
>
> . . . .
>
> (2)      the trial court:
>
> (A)      ruled on the request, objection, or motion, either expressly or implicitly; or
>
> (B)      refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

Our review of the record demonstrates that White failed to raise any objection when the trial court permitted the alternate juror to leave. Even after the alternate juror's return, White's

4

objection to the trial court was related to the removal of Cooper, not to the trial court's failure to sequester the alternate juror. Thus, we conclude that White raised no timely and specific objection to the trial court's failure to seat a non-sequestered alternate juror. Accordingly, we overrule White's first point of error.

## II. White Failed To Preserve Any Constitutional Challenge to Section 481.134

In his second point of error, White argues that Section 481.134(d) of the Texas Health and Safety Code is facially unconstitutional because it "fail[s] to provide for a culpable mental state for the drug free zone finding." This issue is not preserved.

The Texas Court of Criminal Appeals has held "that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).[4] In his appellate brief, White admits that he raised no complaint at trial relating to the constitutionality of Section 481.134(d). Accordingly, White has failed to preserve his complaint for our review. *See id.*; *Ibenyenwa*, 367 S.W.3d at 422; *Williams v. State*, 305 S.W.3d 886, 893 (Tex. App.—Texarkana 2010, no pet.); *Sony v. State*, 307 S.W.3d 348, 353 (Tex. App.—San Antonio 2009, no pet.); *see also Fluellen v. State*, 104 S.W.3d 152, 167–68 (Tex. App.—Texarkana 2003, no pet.). We overrule White's second point of error.

---

[4]White acknowledges the holding in *Karenev*, but contends that it "should not be the law. . . [because it] was a plurality opinion." "Although the four-judge concurrence in *Karenev* held that the requirement that a facial challenge to a statute be preserved is not absolute, the five-judge majority plainly stated that . . . 'a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute.'" *Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (quoting *Karenev*, 281 S.W.3d at 434). "We are bound to follow the majority opinion in the absence of language adopting the concurrence." *Id.*

**III. The State Was Not Required To Prove that White Was Knowingly in a Drug-Free Zone**

During trial, the jury heard evidence that White sold 0.24 grams of methamphetamine to a confidential informant. The drug transaction was captured on an audio/video recording and was played for the jury. The jury also heard testimony that the transaction took place within 1,000 feet of the Family Life Center, a drug-free zone. White does not argue that the evidence is insufficient to establish that he knowingly delivered methamphetamine. Instead, he argues that the State failed to prove that White was knowingly in a drug-free zone at the time of the transaction.

Section 481.134(d) of the Texas Health and Safety Code raises the level of offense for delivery of a controlled substance "if it is shown on the trial of the offense that the offense was committed: (1) . . . within 1,000 feet of any real property that is . . . the premises of a public or private youth center . . . ." TEX. HEALTH & SAFETY CODE ANN. § 481.134(d); *see Harris v. State*, 125 S.W.3d 45, 51 (Tex. App.—Austin 2003, pet. ref'd, untimely filed). Section 481.134 does not set forth a mens rea separate from the mens rea required to prove delivery of a controlled substance. Thus, "a good deal of authority holds that . . . the State need not prove a culpable mental state with respect to the location of the offense." *Bridges v. State*, 454 S.W.3d 87, 88 (Tex. App.—Amarillo 2014, pet. ref'd) (citing *Uribe v. State*, 573 S.W.2d 819, 821 (Tex. Crim. App. [Panel Op.] 1978)); *see Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd). Because the State was not required to prove that White's knowing delivery of a controlled substance occurred while he was knowingly within a drug-free zone, we overrule White's final point of error.

6

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     November 20, 2015
Date Decided:      November 23, 2015

Publish

7