

VIRGINIA RUTH PHILLIPS A.K.A.
VIRGINIA RUTH GREENE,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

§
§
§
§
§
§
§

No. 08-19-00167-CR

Appeal from the

35th District Court

of Brown County, Texas

(TC# CR25990)

## **O P I N I O N**

Appellant, Virginia Ruth Phillips, A.K.A. Virginia Ruth Greene, after a bench trial, appeals the trial court's finding of guilt of possession of a controlled substance—methamphetamine less than one gram—in a drug free zone; TEXAS HEALTH & SAFETY CODE ANN. § 481.115. Appellant argues the evidence is legally insufficient to support she (1) voluntarily possessed methamphetamine in a drug free zone, and (2) entered the drug free zone knowingly or intentionally. We disagree.[1]

### **BACKGROUND**

### *Factual Background*

Officer Smoot of the Early Police Department observed a Dodge Neon speeding on the 1200 block of Early Boulevard. Smoot conducted a traffic stop of the vehicle. The vehicle stopped within—the designated area where the school buses are parked at the Early High School, which is

---

[1] This appeal was transferred from the Eleventh Court of Appeals, and we apply the precedent of that Court to the extent required by TEX.R.APP.P. 41.3.

located approximately 300 feet away from the actual school building. Steve Darnell was the driver of the vehicle and Appellant was the front passenger. When Smoot made contact with Darnell, he seemed nervous, Smoot then learned Darnell was on parole for a drug-related offense. Darnell had just left the residence of an individual who is known to have connections with narcotics, so Smoot asked for consent to search the vehicle. Darnell declined and Smoot requested a canine unit to search the vehicle.

While waiting on the canine unit, Smoot asked Appellant whether marijuana or methamphetamine was present in the vehicle; Appellant denied any drugs were in the vehicle. Smoot testified he suspected deception when Appellant looked down towards the floorboard as she denied possessing any drugs. Officer Sheedy arrived and requested Appellant to exit the vehicle to conduct a pat-down search for weapons. A pocketknife was found on Appellant and secured by the officers. Sheedy separated Appellant from the vehicle's other occupants and remained with Appellant throughout the search of the vehicle.

Once the canine unit arrived, a positive alert was made to the presence of drugs in the vehicle and the vehicle was then searched. A zippered pouch in the console cup holder of the vehicle was found, containing what officers believed to be methamphetamine. All the occupants of the vehicle were arrested. Lieutenant Bastardo, who was also present at the scene, transported Appellant separately to the Brown County jail. Upon arrival, Bastardo warned Appellant she could face additional charges if she brought any contraband into the jail. Bastardo then observed Appellant reach into the front of her pants and retrieve a pouch, which she surrendered to him. A lab test confirmed the pouch contained less than one gram of methamphetamine.

### Procedural Background

Appellant was indicted for the offense of Possession of a Controlled Substance—

methamphetamine less than one gram—in a drug free zone. After a bench trial, the court found Appellant guilty. Appellant pled true to the allegations in the Notice of the State's Intent to Enhance Punishment Range and the trial court sentenced Appellant accordingly—ten years' confinement.

## DISCUSSION

In two issues, Appellant challenges the sufficiency of the evidence to support her conviction. In Issue One, Appellant contends the evidence is legally insufficient to support she voluntarily possessed methamphetamine within the drug free zone because as a passenger, she did not have control over her presence in a drug free zone. In Issue Two, Appellant challenges the drug free zone enhancement of the offense, claiming the evidence is insufficient to support she knowingly or intentionally entered the drug free zone.

### *Standard of Review and Applicable Law*

We review claims of insufficiency of the evidence by viewing all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Jenkins v. State*, 493 S.W.3d 583, 597 (Tex.Crim.App. 2016); *Wise v. State*, 364 S.W.3d 900, 903 (Tex.Crim.App. 2012). A trial judge conducting a bench trial is the fact finder who exclusively weighs the credibility of witnesses and their respective testimony. *Tatro v. State*, 580 S.W.3d 740, 743 (Tex.App.—Houston [14th Dist.] 2019, no pet.)(*citing Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992)); *see also* TEX.CODE CRIM.PROC.ANN art. 38.04. Reviewing courts may not re-evaluate the weight and credibility of the evidence and may not substitute the fact finder's judgment for their own. *Williams v. State*, No. 02-19-00190-CR, 2020 WL 6326150, *2 (Tex.App.—Fort Worth Oct. 29, 2020, no pet.)(mem. op., not designated for

3

publication)(*citing Queeman v. State*, 520 S.W.3d 616, 622 (Tex.Crim.App. 2017). Rather, "we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict." *Williams*, 2020 WL 6326150, at *2; *see Villa v. State*, 514 S.W.3d 227, 232 (Tex.Crim.App. 2017). When the record supports conflicting inferences, a reviewing court must "presume that the factfinder resolved the conflicts in favor of the prosecution" and defer to that determination. [Internal quotations omitted]. *Wise*, 364 S.W.3d at 903.

Possession of a controlled substance requires showing a person did so knowingly or intentionally. TEX.HEALTH & SAFETY CODE ANN. § 481.115(a). It is immaterial whether the evidence establishing the defendant's affirmative link to the illegal drugs in his possession is direct or circumstantial; the accused's connection with possessing the contraband must merely be "more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). To support a conviction, the State was required to show Appellant (1) exercised actual care, custody, control, and management over the contraband; and (2) was conscious of her connection with the contraband and knew the substance was contraband. *Id.* To enhance the offense from a state jail felony to a third-degree felony, the State was required to prove Appellant possessed the illegal substance within 1,000 feet of a school. TEX.HEALTH & SAFETY CODE ANN. § 481.134(d)(1). Reasonable inferences fused from the defendant's words, acts, and conduct suffice to prove intent and knowledge. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex.Crim.App. 1995); *see also* TEX.PENAL CODE ANN § 6.03(a).

### *Analysis*

In Issue One, Appellant contends the evidence is legally insufficient to support she voluntarily possessed methamphetamine within a drug free zone. According to Appellant, her

absence of free will to physically drive the vehicle above the speed limit and subsequently stop within a drug free zone amounted to "external factors," rendering her conduct involuntary.

As a general rule, a person commits an offense only if she voluntarily engages in the conduct proscribed by law. TEX.PENAL CODE ANN. § 6.01(a)("A person commits an offense only if he voluntarily engages in conduct including an act, an omission, or possession."). Involuntary conduct is a defense to prosecution. *Trujillo v. State*, 227 S.W.3d 164, 169 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). When a person claims the involuntary act defense, she is conceding her own body made the motion, but is denying responsibility for it. *Rogers v. State*, 105 S.W.3d 630, 639 n.30 (Tex.Crim.App. 2003). "Voluntariness, within the meaning of section 6.01(a), refers only to one's own physical body movements." [Internal quotations omitted]. *Id.* at 638. However, the movement is not voluntary when those physical movements are the "nonvolitional result of someone else's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconsciousness, hypnosis or other nonvolitional impetus[.]" *Id*.

The voluntariness of one's conduct or bodily movements is separate from the issue of one's mental state. *Adanandus v. State*, 866 S.W.2d 210, 230 (Tex.Crim.App. 1993), *cert. denied*, 510 U.S. 1215 (1994); *see also Avila v. State*, 954 S.W.2d 830, 838-39 (Tex.App.—El Paso 1997, pet. ref'd)(a voluntary act need not be the product of one's free will). The unintended results derived from one's voluntary act suffices to assign criminal responsibility. *Rogers*, 105 S.W.3d at 638 (emphasizing that the "'voluntary act requirement does not necessarily go to the ultimate act (e.g., pulling the trigger), but only that criminal responsibility for the harm must include an act that is voluntary (e.g., pulling the gun, pointing the gun, or cocking the hammer.")[Internal quotations omitted].

In the instant case, although Appellant attemps to avoid criminal responsibility by relying on a combination of "external factors" as the cause of the traffic stop and her ultimate arrest, her choice to ride in the vehicle while possessing methamphetamine suffices to support voluntariness. During the search, Officer Sheedy monitored Appellant until she was separately transported to the jail. It was only until Appellant arrived at the jail, and after Lieutenant Bastardo admonished her about contraband in the jail, that Appellant gave him the methamphetamine secreted on her person. Appellant has failed to assert any claim of involuntary bodily movements or any nonvolitional impetus in possessing the methamphetamine. There is no indication that Appellant was coerced to possess the methamphetamine, or that some non-human factor set in motion her exercise and control over the contraband. Appellant voluntarily rode as a passenger in the vehicle that was stopped by law enforcement while she voluntarily possessed methamphetamine on her person. We find the evidence is legally sufficient to support that a reasonable fact finder could have found Appellant voluntarily possessed methamphetamine in a drug free zone beyond a reasonable doubt. Issue One is overruled.

In Issue Two, Appellant argues the evidence is legally insufficient to support her conviction because the State failed to show she knowingly was in a drug free zone. Though precedent established in *White v. State*, 480 S.W.3d 824 (Tex.App.—Texarkana 2015), *aff'd*, 509 S.W.3d 307 (Tex.Crim.App. 2017) confirms otherwise, Appellant contends the recent United States Supreme Court decision *Rehaif v. United States*, 139 S.Ct. 2191, 2192 (2019) controls, in which the Court applied a mental culpable state requirement into a statute without a *mens rea* element.

Enhancing the offense of possession of a controlled substance of less than one gram from a state jail felony to at third-degree felony only requires the State to show possession took place within 1,000 feet of a school:

6

> An offense otherwise punishable under Section . . . 481.115(b) . . . is a felony of the third degree if it is shown on the trial of the offense that the offense was committed:
> (1) in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board . . . .

TEX.HEALTH & SAFETY CODE ANN. § 481.134(d). We rely on the Court's holding in *White*, which expressly states, the "State need not prove a culpable mental state with respect to the location of the offense." *White*, 480 S.W.3d at 827. However, determining whether *White* applies hinges on whether *Rehaif* controls.

In *Rehaif*, the defendant secured a nonimmigrant student visa, but the government later revoked his nonimmigrant status. 139 S.Ct. at 2194. The defendant was later prosecuted after he shot two firearms at a firing range under a federal statute that made it "unlawful for any person . . . , being an alien . . . illegally or unlawfully in the United States, [to] possess . . . any firearm or ammunition." *Id*. at 2195. The defendant argued knowledge of one's status is not required for a conviction because the statute fails to expressly require the element of knowledge of one's status while possessing a firearm. *Id*. at 2194. The Court ultimately incorporated a *mens rea* requirement into the statute and required the government to prove the defendant knew his illegal status barred him from possessing a firearm. *Id.* at 2200. However, the Court's reasoning rested on the lawfulness of the underlying offense, emphasizing:

> Scienter requirements advance [Blackstone's principle of 'a vicious will'] by helping to separate wrongful from innocent acts. That is the case here. Possessing a gun can be entirely innocent. It is the defendant's *status*, not his conduct alone, that makes the difference. Without knowledge of that status, a defendant may lack the intent needed to make his behavior wrongful. [Emphasis in orig.].

*Rehaif*, 139 S.Ct. at 2192, (*Syllabus* at 2195-97).

In the present case, *Rehaif* is distinguishable because unlike possessing firearms, possessing methamphetamine in any amount is unlawful. The Court in *Rehaif* reasoned that

7

"[a]pplying the word 'knowingly' to the defendant's status in [the statute] helps advance the purpose of scienter, for it helps to separate wrongful from innocent acts. Assuming compliance with ordinary licensing requirements, the possession of a gun can be entirely innocent." *Id*. at 2197. As the Court in *Rehaif* demonstrated, there are circumstances in which someone can possess a firearm lawfully; however, that is not the circumstance in the present case—possessing methamphetamine is always unlawful and applying a knowledge requirement to the statute would not advance the purpose of scienter. Accordingly, Appellant's argument that *Rehaif* controls is unpersuasive.

Given that *Rehaif* is inapplicable, we apply *White*. The State was not required to show Appellant knowingly or intentionally entered a drug free zone; the State was only required to show Appellant was within 1,000 feet of real property owned, leased, or rented by a school to support the enhancement of the offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(d).

The traffic stop occurred within a school bus parking facility owned by the Early High School, which was located 300 feet away from the school—well within 1,000 feet as statutorily required. During the traffic stop, Appellant underwent a pat-down search and was subsequently separated from the other occupants of the vehicle—Officer Sheedy remained with Appellant throughout the search of the vehicle. Lieutenant Bastardo then transported Appellant separately to the Brown County jail where Appellant surrendered a pouch she possessed on her person, which a lab test later confirmed contained methamphetamine. Because the State was only required to show Appellant possessed methamphetamine within a drug free zone, we find a reasonable fact finder could have found Appellant possessed methamphetamine while she was within 1,000 feet of a school. The evidence is legally sufficient to support the enhancement from a state jail felony to a third-degree felony for possessing a controlled substance less than one gram in a drug free

8

zone. Issue Two is overruled.

## CONCLUSION

For these reasons, we affirm.


November 30, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)