**David L. LIGHTEARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–97–00026–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 28, 1998.

Paul J. Goeke, San Antonio, for Appellant.

Judy Madewell, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and STONE and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

### Nature of the case

A jury found David L. Lighteard guilty of two counts of aggravated sexual assault. The court assessed punishment at fifty years confinement. In his first issue on appeal, Lighteard argues that the court erred in denying his motion for continuance and request for appointment of an expert to assist the defense. In his second issue, Lighteard alleges that the court erred in refusing to allow him to cross-examine a witness regarding her motive to testify in a manner to protect her interest in a civil suit. In his third issue, Lighteard contends that the court erred in refusing to instruct the jury on the lesser included offense of attempted aggravated sexual assault.

### Factual Background

The evidence at trial showed that on June 6, 1993 Lighteard broke into a neighbor's house where three thirteen-year old girls were babysitting four younger children. Lighteard grabbed a knife and forced one of the girls to go upstairs with him. Lighteard forced the girl to lie on her stomach on the floor while he sodomized her and cut her with the knife. Lighteard's neighbors came home and caught him committing the offense. The neighbors forced Lighteard out of the house and called the police. The neighbors testified that, while waiting for the police to arrive, Lighteard told them that the girls had killed his son. There was, however, no evidence that Lighteard even had a son. Soon after Lighteard was indicted for this offense, his defense counsel filed a notice of an insanity defense. The record shows Lighteard had been diagnosed at an early age as a paranoid schizophrenic. The record also shows that Lighteard had been found incompetent to stand trial on October 26, 1994, April 20, 1995, and August 18, 1995, but that he might become competent in the future. During this period of incompetency, Lighteard was committed to a mental institution. On July 31,

1996, Lighteard was found to be competent and trial began on August 12, 1996.

### Motion for Continuance and Request for Expert

█ Lighteard contends that the court violated his due process rights by denying his motion for continuance based on his request for appointment of an expert to evaluate Lighteard and to assist in the preparation and presentation of his insanity defense. On the day of trial, defense counsel filed a motion for continuance and a hearing was held. The motion stated that defense counsel had not received notice of the trial setting until August 5 and that he was out of town until August 8. According to the motion, Dr. Munsinger had been appointed to assist with the insanity defense, but Dr. Munsinger no longer practiced clinical psychology. The motion stated that a notice of the insanity defense had been filed but at no time had an independent expert evaluated Lighteard for sanity at the time of the offense.

█ When a defendant demonstrates that sanity will be an issue at trial, due process requires that the State "assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake v. Oklahoma*, 470 U.S. 68, 83, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). A defendant not only has a right to be examined by an expert, but also has the right to have an expert appointed to assist him in his defense. *De Freece v. State*, 848 S.W.2d 150, 159 (Tex.Crim.App.1993). The court abuses its discretion if it fails to appoint an expert or to give prior approval for expenses for defense counsel to obtain an expert to assist in the evaluation, preparation, and presentation of an insanity defense, *if insanity will be a significant factor at trial.* *Id.*

The record contains a notice of insanity defense. Although the record does not show a defense motion to appoint a psychologist, the supplemental record shows that the court signed the following order in cause number 93–CR–5179 [1]:

---

1. Due to the findings of incompetency, Lighteard was re-indicted several times and, as a result,

this case has had several different cause numbers.

On this the 7th day of March 1994, came on to be considered Defendant's Motion to Appoint Psychologist to Assist in Evaluation, Preparation and Presentation of Defense, and said motion is hereby GRANTED. Dr. Larry L. Munsinger is hereby appointed to examine and evaluate David Lee Lighteard with regard to the issues of the defendant's competency to stand trial and sanity at the time of the alleged occurrence made the basis of this indictment; fees not to exceed $500.00.

Clearly, Lighteard filed a motion requesting appointment of a psychologist to assist in the evaluation, preparation, and presentation of the defense. According to defense counsel, Dr. Munsinger was not able to perform a sanity evaluation when he was initially appointed because Lighteard was found to be incompetent. At the continuance hearing, defense counsel stated that Dr. Munsinger was no longer practicing clinical psychology but was practicing law, and thus was not available to assist in Lighteard's defense.

Although the State argues that defense counsel offered no evidence that Lighteard was insane at the time of the offense, insanity was clearly a significant factor as Lighteard was diagnosed as a paranoid schizophrenic and was found incompetent to stand trial several times. Further, defense counsel filed a notice of insanity defense and requested appointment of a psychologist. Therefore, under the holdings in *Ake* and *De Freece* due process requires that Lighteard have access to an independent defense expert.

The State contends that the court did not abuse its discretion because Lighteard had access to an expert to determine sanity at the time of the offense. In January 1994, Dr. Sparks filed a report with the court stating that Lighteard was not insane at the time of the offense. However, Dr. Sparks falls into the category of a "disinterested expert" appointed under article 46.03 section 3 of the Code of Criminal Procedure. Dr. Sparks testified at many of the competency hearings and sent reports to the court about Lighteard's competency and sanity. However, the appointment of a "disinterested expert" does not satisfy the accused's right to have an independent expert to assist him in his defense. *Id.* Further, if Dr. Sparks was an independent expert appointed to assist the defense, there would have been no need for the court to appoint Dr. Munsinger.

The State further contends that the court appointed the expert as required by *Ake v. Oklahoma* but that Lighteard failed to take advantage of the expert. The State notes that defense counsel had two years to have the expert perform an insanity evaluation and assist in the preparation and presentation of the defense. The State argues that due diligence was not used to pursue the expert's services and thus, due process was not violated. Defense counsel counters that he could not take advantage of the expert because Lighteard was incompetent and thus an insanity evaluation could not be performed. The State points out that Lighteard was not incompetent the entire time. The record shows that Lighteard had a brief period of competency in April of 1995. The court found him to be competent on March 30, 1995. The case proceeded to trial and voir dire began on April 20, 1995. However, after voir dire, defense counsel felt that Lighteard had become incompetent and a hearing was held at which a jury found Lighteard incompetent to stand trial. However, we will begin our inquiry with the finding of competency on July 31, 1996 to determine whether diligence was used to pursue the expert's services.

The State argues that because a competency restoration hearing was originally set for June 6, 1996, but later rescheduled for July 30, defense counsel should have been aware on June 6 that he needed to contact the appointed psychologist. However, we do not believe that it was unreasonable for defense counsel to wait and see if his client would be found competent to stand trial before contacting the expert. The State also contends that because defense counsel represented Lighteard at the competency hearing on July 30 and 31, he should have had notice that the trial was set for August 12. As defense counsel pointed out, the competency hearing was held in the magistrate's court and not in the district court. Thus, the finding of competency had to be forwarded to court person-

nel in the district court to set the case for trial. Thus, defense counsel would not have received notice of the August 12 trial setting from the magistrate at the competency hearing.

The record shows that the file copy of the notice of trial setting was dated August 2 and defense counsel stated that the notice was received in his office on August 5. According to defense counsel, he was in Florida for a trial and did not return to San Antonio until August 8. Defense counsel stated that he only became aware that Dr. Munsinger was no longer practicing psychology when he contacted Dr. Munsinger on August 9. Lighteard filed his motion for continuance on August 12 requesting that an expert be appointed to assist the defense. Under these facts, defense counsel did not waive his right to an expert due to a lack of diligence.

While we acknowledge that the court had a legitimate interest in trying the case before Lighteard once again became incompetent, due process requires that an indigent defendant be appointed an expert to evaluate and assist in the preparation and presentation of an insanity defense. As a result of the circumstances explained above, Lighteard was not afforded an opportunity to have a sanity evaluation by a defense expert nor did he have the opportunity for an expert to assist him in the preparation and presentation of his defense. Thus, Lighteard was, in fact, forced to proceed to trial without an expert.

In this case, the court did not deny a motion to request appointment of an expert. In fact, the court granted the motion and appointed an expert, but the denial of the motion for continuance effectively denied Lighteard access to an expert. As stated in *Ake*, due process requires that the indigent accused must be equipped with the "basic tools" to ensure "a proper functioning of the adversary process." *Ake*, 470 U.S. at 77, 105 S.Ct. 1087. The denial of the continuance effectively denied Lighteard the "basic tools" necessary to present an insanity defense and thus his due process rights were violated.

Therefore, the court abused its discretion by denying Lighteard's motion for continuance to have an expert appointed to assist the defense. Having found error, we must determine if the error was harmless.

### Harm analysis

■ The denial of an expert has been held to be a structural error and not subject to a harm analysis. *See Rey v. State*, 897 S.W.2d 333, 345 (Tex.Crim.App.1995). However, the *Rey* case was decided prior to *Cain v. State* which held that "except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997). The State points out that although labeled as structural error by the Court of Criminal Appeals in the *Rey* case, the United States Supreme Court did not label denial of an expert as a structural error in the *Ake* case. Therefore, we will apply the harmless error rule for constitutional errors. *See* Tex. R.App. P. 44.2(a).[2]

Lighteard's only defense was that he was insane at the time of the offense. Insanity is "an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." Tex. Pen.Code Ann. § 8.01(a) (Vernon 1994). As an affirmative defense, Lighteard had the burden of proving insanity. The State points out that Lighteard called Dr. Sparks to testify as a defense witness. As discussed above, Dr. Sparks was a "disinterested witness" appointed under article 46.03 of the Code of Criminal Procedure and as such does not satisfy the defendant's right to have an independent expert appointed to assist the defense. *See De Freece*, 848 S.W.2d at 159. The State comments that defense counsel did a good job of examining Dr. Sparks. During the examination of Dr. Sparks, defense coun-

---

**2.** If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex.R.App. P. 44.2(a)

sel gave Dr. Sparks additional facts about the case and Dr. Sparks indicated that, based on those facts, he might change his mind as to whether Lighteard was suffering from a mental disease at the time of the offense. However, he still maintained that Lighteard was not insane at the time of the offense. Dr. Sparks testified that another psychiatrist or psychologist might reach the conclusion that Lighteard was insane at the time of the offense. However, Dr. Sparks's testimony does not cure the harm that resulted from the denial of the motion for continuance to have an expert appointed to assist the defense. A defense expert could have helped defense counsel prepare for his examination of Dr. Sparks and challenge his findings.

The State called Dr. Stoller on rebuttal. Dr. Stoller testified that when Lighteard knew he was being evaluated he would appear mentally ill. The State contends that Lighteard's behavior after he was caught committing the offense was an attempt to appear "crazy." Clearly, a defense expert could have helped defense counsel cross-examine Dr. Stoller about his testimony that Lighteard was "faking" the extent of his mental illness, especially in light of Lighteard's diagnosis as a paranoid schizophrenic and the findings of incompetency.

We cannot say beyond a reasonable doubt that the error did not contribute to Lighteard's conviction. Lighteard had the burden of proof on insanity, an affirmative defense to prosecution, but he did not have an expert to evaluate him or assist him in the preparation of his defense. We find that the failure to grant the continuance to appoint a defense expert was harmful error. We sustain Lighteard's first issue. Therefore, we must reverse and remand the case for a new trial so that an expert can be appointed to assist Lighteard with his insanity defense. Because we are remanding the case for a new trial, we need not address Lighteard's remaining two issues.

We reverse and remand for a new trial.