David L. LIGHTEARD, Appellant,

v.

The STATE of Texas.

No. 190–99.

Court of Criminal Appeals of Texas,
En Banc.

June 23, 1999.

Paul J. Goeke, San Antonio, for appellant.

Matthew Paul, State's Atty., Austin, for State.

McCORMICK, Presiding Judge, dissenting to refusal of state's petition for discretionary review.

I respectfully dissent to the Court's decision to refuse the State's discretionary review petition. The Court of Appeals decided the government violated appellant's Fourteenth Amendment federal constitutional "due process" rights under the United States Supreme Court's decision in *Ake v. Oklahoma*[1] as interpreted by this Court in *De Freece v. State.*[2]

The Court of Appeals decided the government did this when the trial court denied appellant's last minute trial-date request for a continuance and for appointment of another "defense" psychiatrist to assist appellant in the preparation of an insanity defense. *Lighteard v.*

---

**1.** *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).

**2.** *De Freece v. State,* 848 S.W.2d 150 (Tex.Cr. App.) cert. denied, 510 U.S. 905, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993).

*State*, 982 S.W.2d 532, 533–35 (Tex. App.—San Antonio, 1998). This despite the fact appellant's first appointed "defense" psychiatrist had an opportunity to evaluate appellant's sanity during a two-year period prior to trial while appellant had been declared incompetent to stand trial. *Id.* The Court of Appeals doubted appellant's first appointed "defense" psychiatrist could evaluate appellant's sanity during this two-year period because appellant had been declared incompetent to stand trial. *Id.*

*Ake* is a "fundamental fairness" Fourteenth Amendment "due process" case whose actual holding is ambiguous. See *De Freece*, 848 S.W.2d at 156–57 (discussing *Ake's* ambiguity on whether it requires appointment of a "defense" psychiatrist or the appointment of a "disinterested" psychiatrist). Our decision in *De Freece* gave *Ake* the most generous and expansive reading possible by interpreting *Ake* to require the appointment of a "defense" psychiatrist as opposed to a "disinterested" psychiatrist when a defendant's sanity is a significant issue at trial. *De Freece*, 848 S.W.2d at 159 (interpreting *Ake* to require appointment of "defense" psychiatrist because appointment of "disinterested" psychiatrist fails to fulfill role of psychiatric assistance envisioned by *Ake* ).

Even under the most generous and expansive reading of *Ake*, the Court of Appeals erred to decide the trial court's failure to appoint another "defense" psychiatrist on the day of trial violated *Ake* as interpreted by this Court in *De Freece*. The trial court already had appointed a "defense" psychiatrist who had approximately two years to assist appellant in the preparation of an insanity defense. This is all that even the most generous and expansive reading of *Ake* requires.

Moreover, that appellant had been declared incompetent to stand trial during this two-year period is of no consequence. *Ake* presented essentially the same situation, and the United States Supreme Court apparently had no problem with the proposition that a defendant can be evaluated for sanity even though he has been declared incompetent to stand trial. See *Ake*, 105 S.Ct. at 1090 (noting that during Ake's 3–month stay at a state hospital when he had been declared incompetent to stand trial, no inquiry had been made into his sanity at the time of the offense).

I respectfully dissent to the Court's decision to refuse the State's petition for discretionary review.

MANSFIELD and KEASLER, JJ., join this dissenting opinion.