ACCEPTED
06-15-00164-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/1/2016 3:00:37 PM
DEBBIE AUTREY
CLERK

## NO. 06–15–00164–CR

In the

Court of Appeals

Sixth District of Texas

Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/1/2016 3:00:37 PM
DEBBIE AUTREY
Clerk

| | | |
|---|---|---|
| Parrin Hayes | § | Appellant |
| vs. | § | |
| The State of Texas | § | Appellee |

Appeal from the 299th Judicial District Court
Travis County, Texas
Cause No. D–1–DC–14–204586

## STATE'S BRIEF

ROSEMARY LEHMBERG
District Attorney
Travis County, Texas

Rosa Theofanis
Texas Bar No. 24037591
Assistant District Attorney
District Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Phone: 512.854.9400
Fax: 512.854.4810
Email:Rosa.Theofanis@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

Oral Argument Not Requested

# Identity of Parties and Counsel

In accordance with Texas Rule of Appellate Procedure 38.2(a)(1)(A), the State supplements the Identity of Parties and Counsel set out in the appellant's brief as follows:

Appellate Prosecutor  Rosa Theofanis
        Assistant District Attorney
        Travis County District Attorney
        P.O. Box 1748
        Austin, TX 78767

**Table of Contents**

Identity of Parties and Counsel ................................................................ i

Table of Authorities ................................................................................. ii

Statement of the Case .............................................................................. 2

Statement Regarding Oral Argument ...................................................... 3

Statement of Facts ................................................................................... 3

Summary of the Argument ....................................................................... 4

State's Reply to Appellant's Point of Error One ..................................... 5

The trial court properly denied the appellant funds to retain a private laboratory to review the lab notes of the police chemist who tested the controlled substance in this case because the appellant did not make a sufficient showing to justify appointment of a court-appointed expert.

State's Reply to Appellant's Point of Error Two ................................... 12

The trial court's denial of a jury charge instruction requiring the jury to find that the appellant knew he was in a drug free zone was not error because the State was not required to prove a culpable mental state with respect to the location of the offense.

State's Reply to Appellant's Point of Error Three .............................. 19

The trial court did not violate the appellant's sixth amendment rights by limiting his closing argument because his argument regarding the drug-free zone conflicted with the law in the charge and thus he was not entitled to make it.

Prayer ..................................................................................................... 25

Certificate of Compliance ...................................................................... 26

Certificate of Service .............................................................................. 26

i

## Table of Authorities

**Cases**

*Ake v. Oklahoma*, 470 U.S. 68 (1985) ...................................................................5, 9

*Alleyne v. United States*,    U.S.    , 133 S. Ct. 2151 (2013) ....................................16

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g). 12, 13, 18

*Archie v. the State of Texas*, 615 S.W.2d 762 (Tex. Crim. App. 1981)...................20

*Brewer v. Reynolds*, 51 F.3d 1519 (10th Cir. 1995) ..............................................10

*Bridges v. State*, 454 S.W.3d 87 (Tex. App.—Amarillo 2014, pet. ref'd) ..............14

*Briseno v. Cockrell*, 274 F.3d 204 (5th Cir. 2001 ................................................. 9

*Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) ......................................... 9

*Caldwell v. Mississippi*, 472 U.S. 320 (1985)......................................................... 6

*Chase v. State*, 448 S.W.3d 6 (Tex. Crim. App. 2014) ..........................................13

*Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010).......................................11

*Davis v. State*, 329 S.W.3d 798 (Tex. Crim. App. 2010) .................................19, 23

*Derrick v. State*, No. 01–96–00101–CR, 1999 Tex. App. LEXIS 187, *4 (Tex. App.—Houston [1st Dist.] Jan. 14, 1999, pet. ref'd) (not designated for publication) ............................................................................................14

*Ehrke v. State*, 459 S.W.3d 606 (Tex. Crim. App. 2015)............................5, 6, 8, 9

*Ex parte Jimenez*, 364 S.W.3d 866 (Tex. Crim. App. 2012).................................. 5

*Fleming v. State*, 455 S.W.3d 577 (Tex. Crim. App. 2014) ...................................17

*Gray v. State*, 152 S.W.3d 125 (Tex. Crim. App. 2004) .......................................20

*Harris v. State*, 125 S.W.3d 45 (Tex. App.—Austin 2003, pet. dism'd) ...............16

*Harris v. State*, 522 S.W.2d 199 (Tex. Crim. App. 1975)......................................20

*Hurst v. State*, No. 04–13–00465–CR, 2014 Tex. App. LEXIS 5645, *6–7 (Tex.

    App.—San Antonio May 28, 2014, pet. ref'd) (mem. opinion, not designated for

    publication) ........................................................................................................14

*Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996) ....................................22

*Jackson v. State*, 992 S.W.2d 469 (Tex. Crim. App. 1999) ..................................23

*Jones v. State*, 300 S.W.3d 93 (Tex. App.—Texarkana 2009, no pet.) ............19, 24

*Lighteard v. State*, 982 S.W.2d 532 (Tex. App.—San Antonio 1998, pet. ref'd.9, 10

*McCarthy v. State*, 65 S.W.3d 47 (Tex. Crim. App. 2001) ...................................11

*McFail v. State*, No. 10–03–00220–CR, No. 10–03–00221–CR, No. 10–03–

    00222–CR, 2004 Tex. App. LEXIS 11140 at *7 (Tex. App.—Waco 2004, pet.

    ref'd) (mem. opinion, not designated for publication)........................................14

*McGee v. State*, 774 S.W.2d 229 (Tex. Crim. App. 1989), cert. denied, 494 U.S.

    1060 (1990) ..................................................................................................20, 23

*McQueen v. State*, 781 S.W.2d 600 (Tex. Crim. App. 1989)..........................16, 18

*Moore v. Kemp*, 809 F.2d 702 (11th Cir. 1987)....................................................... 6

*Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998)....................................23

*Olivas v. State*, 202 S.W.3d 137 (Tex. Crim. App. 2006)......................................18

*Perez v. State*, 537 S.W.2d 455 (Tex. Crim. App. 1976) .......................................20

*Rey v. State*, 897 S.W.2d 333 (Tex. Crim. App. 1995) ........................................6, 9

*Rider v. State*, 567 S.W.2d 192 (Tex. Crim. App. 1978) ..................................20, 21

*Snowden v. State*, 353 S.W.3d 815 (Tex. Crim. App. 2011) ..................................11

*Starr v. Lockhart*, 23 F.3d 1280, 1291 (8th Cir. 1994) ...........................................10

*Tuggle v. Netherland,* 79 F.3d 1386 (4th Cir. 1996).................................................10

*United States v. Dimas*, 3 F.3d 1015 (7th Cir. 1993 ................................................15

*United States v. Falu*, 776 F.2d 46 (2d Cir. 1985)............................................15, 17

*United States v. Jackson*, 443 F.3d 293 (3d Cir. 2006)...........................................15

*United States v. Koons*, 300 F.3d 985 (8th Cir. 2002...............................................15

*United States v. Wake*, 948 F.2d 1422 (5th Cir. 1991 ............................................15

*Uribe v. State*, 573 S.W.2d 819 (Tex. Crim. App. [Panel Op.] 1978) ....................14

*Warner v. State*, 245 S.W.3d 458 (Tex. Crim. App. 2008) ...............................12, 18

*Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000) (en banc)....................21

*White v. Johnson*, 153 F.3d 197 (5th Cir. 1998) .....................................................10

*White v. State*, 480 S.W.3d 824 (Tex. App.—Texarkana 2015, pet. granted) ........13

*Whiting v. State*, 797 S.W.2d 45 (Tex. Crim. App. 1990) (en banc) ..........21, 22, 23

*Williams v. State*, 127 S.W.3d 442 (Tex. App.—Dallas 2004, pet. ref'd).........14, 16

*Williams v. State*, 958 S.W.2d 186 (Tex. Crim. App. 1997) ...............................6, 10

iv

*Young v. State*, 14 S.W.3d 748 (Tex. Crim. App. 2000) ..........................................14

**Statutes**

TEX. CODE CRIM. PROC. art. 36.13 .......................................................................22

TEX. CODE CRIM. PROC. art. 36.14 ...............................................................13, 20

TEX. HEALTH & SAFETY CODE § 481.112...............................................................16

**Rules**

TEX. R. APP. P.  9.4 .........................................................................................26

TEX. R. APP. P. 44.2 .............................................................................11, 12, 23

**NO. 06–15–00164–CR**

In the

Court of Appeals

Sixth District of Texas

Texarkana, Texas

| | | |
|---|---|---|
| Parrin Hayes | § | Appellant |
| vs. | § | |
| The State of Texas | § | Appellee |

Appeal from the 299th Judicial District Court

Travis County, Texas

Cause No. D–1–DC–14–204586

**To the Honorable Court of Appeals:**

Now comes the State of Texas and files its brief in response to that of the appellant.

1

**Statement of the Case**

*Nature of the Case*   This is an appeal of the appellant's conviction by jury for Possession of a Controlled Substance with Intent to Deliver in a Drug-Free Zone.  CR 8–9; CR 99.

*Trial Court*   The Honorable Karen Sage, Judge Presiding, 299th Judicial District of Travis County, Texas. Cause No. D–1–DC–14–204586. CR 99.

*Course of Proceedings*   On August 26, 2014, the grand jury for Travis County indicted the appellant for Possession of a Controlled Substance with Intent to Deliver in a Drug-Free Zone, enhanced by prior convictions. CR 8–9.  The appellant proceeded to trial by jury, pleading "not guilty."  CR 99.  At the close of evidence, the jury found the appellant guilty of Possession of a Controlled Substance with Intent to Deliver, as alleged in the indictment.  CR 99.  CR 90.  The jury made a further finding that the appellant did commit the offense in a drug-free zone.  CR 90.  The appellant elected for the court to assess sentence.  CR 99.  The court entered a sentence of 30 years imprisonment in the Texas Department of Criminal Justice.  CR 99.

*Disposition*   Date Order Entered:  September 2, 2015.  CR 99.
Sentence:  30 years.  *Id.*

*Appeal*   Notice of Appeal Filed: September 4, 2015.  CR 105.
Appellant's Brief Filed: May 2, 2016.
Appellee's Brief Timely if Filed: July 1, 2016.

**Statement Regarding Oral Argument**

Because the issues, facts, legal authorities, and arguments pertinent to the instant appeal are adequately addressed in the briefs submitted by the parties, the State respectfully asserts that the Court's decisional process would not be significantly aided by oral arguments. Accordingly, the State does not request oral argument.

**Statement of Facts**

On August 8, 2014, an Austin Police officer was doing camera surveillance of a homeless services center when he noticed the appellant. 6 RR 32. 6 RR 37–39. 6 RR 44. The appellant appeared "out of place." 6 RR 44. He was standing at a corner with his back to the wall and was being approached by known drug users "who were obviously contrasted in dress and hygiene from him." 6 RR 46.

Through the surveillance camera, the officer saw "numerous hand-to-hand transactions" and called on fellow officers to detain the appellant. 6 RR 48. 6 RR 71–72.

Several officers closed on the location and arrested the appellant. 6 RR 96. He was carrying $119 in small denomination bills, crumpled up and shoved into both pockets. 6 RR 100. The officers also recovered a cigarette box containing a

clear plastic bag that had several rocks of cocaine weighing 1.98 grams.  6 RR 99; 6 RR 174–75.

At trial, an officer testified that a drug-free zone associated with St. David's Episcopal Day School, an early childhood school, was approximately 570 feet from the location where the appellant was arrested.  6 RR 102; 6 RR 106.

## Summary of the Argument

The trial court properly denied the motion to have an appointed expert review the State crime lab analyst's work because the appellant did not make the threshold showing of "concrete" reasons justifying independent analysis necessary to justify appointment of an expert by the court.  Even assuming *arguendo*, that the trial court erred in denying the defendant a court-appointed analyst to review the notes the State's chemist made of his analysis of the cocaine, there is no evidence of harm because the appellant has failed to demonstrate that independent review would uncover the hypothetical problem he identifies: "dry-labbing" or "fake results."

The court also did not err in denying the appellant's request to charge the jury that the occurrence of the offense in a drug free zone had to have been known to the defendant because the State was not required to prove a culpable mental state with respect to the location of the offense.   Assuming, *arguendo*, it was error to deny the charge, any harm affected the judgment as to punishment only.

4

Finally, the court did not abuse its discretion in limiting the appellant's closing argument so that he could not argue to the jury that "if possession in a drug-free zone is part of the crime, then knowing it's a drug-free zone is also part of the crime." This statement conflicted with the law given the charge and thus he was not entitled to argue this to the jury.

## State's Reply to Point of Error One

The trial court properly denied the appellant funds to retain a private laboratory to review the lab notes of the police chemist who tested the controlled substance in this case because the appellant did not make a sufficient showing to justify appointment of a court-appointed expert.

### Standard of Review

A trial court's denial of a request to appoint a court-appointed chemist is reviewed for an abuse of discretion. *Ake v. Oklahoma*, 470 U.S. 68, 81–83, 86 (1985); *Ehrke v. State*, 459 S.W.3d 606, 617 (Tex. Crim. App. 2015). "The burden is on the defendant to provide concrete reasons for why the expert should be appointed." *Ehrke*, 459 S.W.3d at 615 citing *Ex parte Jimenez*, 364 S.W.3d 866, 877–78 (Tex. Crim. App. 2012).

### Argument and Authorities

The appellant contends that the trial court erred in denying his motion for funds to retain a private laboratory to review the lab notes of the police chemist who tested the controlled substance in this case. Appellant's Br. at 6.

5

An indigent defendant's right to a court-appointed expert for chemical analysis depends on threshold showing of "concrete" reasons justifying independent chemical analysis of the controlled substance. *Ehrke*, 459 S.W.3d at 615; *Rey v. State*, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995). In order to make this preliminary showing, the requesting defendant must present more than "undeveloped assertions that the requested assistance would be beneficial." *Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997) quoting *Caldwell v. Mississippi*, 472 U.S. 320, 323–24 n.1 (1985). Instead, a motion should be supported by "affidavits or other evidence in support of his defensive theory, an explanation as to what his defensive theory was and why expert assistance would be helpful in establishing that theory, or a showing that there was a reason to question the State's expert and proof." *Rey*, 897 S.W.2d at 341. A "reviewing court 'must assess the reasonableness of the trial judge's actions [in ruling on an *Ake* motion] at the time he took it.'" *Id.* n.9, citing *Moore v. Kemp*, 809 F.2d 702, 710 (11th Cir. 1987).

In this case, "with respect to a particularized showing," the appellant's counsel initially argued to the court that allegations of "dry-labbing" ("the practice in which an analyst will fake doing the actual lab work") at the APD lab justified appointment of an expert in this case. 3 RR 5–6. He did not offer into evidence anything in support of the claim of "dry-labbing" in the APD lab. *Id.*

6

After hearing Counsel's arguments, the trial court cited *Ehrke v. State* and its requirement that there be "independent facts to suspect that the drug tests were faulty" in a particular case. 3 RR 8. The court also expressed concern that testing "on every single defendant that just asks for it" had the potential to "bleed the County dry" and reset the case for two weeks so "we can all have more facts." 3 RR 10.

When the case was re-called, counsel for the appellant stated he had "not been able to find any further complaints about APD's lab." 4 RR 4. Again, he did not offer any affidavit or other evidence in support of his claim of "dry-labbing" in the APD lab. *Id.* Additionally, Counsel cited a difference in the initial and tested weight of the drugs of a third of a gram. 4 RR 4. In response, the State argued that "it is common that we see that difference in weight from the time that the substance is removed from the defendant and the time that the substance goes to a qualified forensic laboratory with the appropriate scales that have been tested." 4 RR 6. Counsel did not offer a defensive theory involving the weight discrepancy beyond saying that it "raises a concern." 4 RR 4. He also did not establish how expert assistance would be helpful in establishing a theory or why this small difference in weight might constitute a reason to question the State's expert or proof. *Id.* Relying again on *Ehrke*, the trial court held that "absent a preliminary

7

showing" the appellant was "not entitled to an expert," and denied the motion. 4 RR 8.

On appeal, the defendant argues he should have been given assistance to make the "preliminary showing" required. Appellant's Br. at 9. In support of this, the appellant points generally to the phenomenon of forensic fraud by state crime lab analysts and asserts the need for expert assistance in order to discover forensic fraud. *Id.* at 10–12. But the Court of Criminal Appeals implicitly rejected generalized claims—such as that "forensic fraud is a concealed phenomenon"— that could be made in every case when it held that "[c]reating an absolute right for the defendant to state-funded independent chemical analysis in all controlled-substance cases would unduly burden the state." 459 S.W.3d at 617.

The position that court-appointed expert assistance should be generally available to attempt to establish a threshold case for testing is also at odds with the Court of Criminal Appeals holding in *Ehrke v. State* that "there must be some preliminary showing of a significant issue of fact to require the court to appoint an expert." 459 S.W.3d at 617. As the trial court noted, there could be "a lot of situations where you have independent facts to suspect that the drug tests were faulty." 3 RR 8. But the defense did not take steps that would have constituted a preliminary showing that "dry-labbing" was a legitimate concern in this case, such as obtaining affidavits in support of his assertions or establishing a factual issue

8

through other means. The appellant also did not tie the fact of the slight weight discrepancy to any defensive theory. Given the absence of any "significant issue of fact" in this case, the trial court's denial of a request to appoint a court-appointed chemist was not an abuse of discretion. *Ake*, 470 U.S. at 81–83, 86; *Ehrke*, 459 S.W.3d at 617.

**Harm**

The appellant argues that the denial of an expert witness is structural error and thus not subject to harmless error analysis, citing *Rey v. State*, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995). Appellant's Br. at 13. However, in *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997), the Court of Criminal appeals effectively overruled *Rey*, holding held that "except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error . . . is categorically immune to a harmless error analysis." *Id.* at 264.

Because the Supreme Court has not held *Ake* error to be structural, following *Cain*, it remains subject to error analysis. *See Lighteard v. State*, 982 S.W.2d 532, 535 (Tex. App.—San Antonio 1998, pet. ref'd) ("[A]lthough labeled as structural error by the Court of Criminal Appeals in the *Rey* case, the United States Supreme Court did not label denial of an expert as a structural error in the *Ake* case."); *Briseno v. Cockrell*, 274 F.3d 204, 210–211 (5th Cir. 2001).

The appellant argues that the Court of Criminal Appeals decision in

9

*Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997), because it distinguished *Rey* in the course of its analysis, demonstrated that the court did not overrule *Rey* and that *Rey* remains controlling precedent. Appellant's Br. at 14–15. While it is true that the Court did distinguish *Rey* in *Williams*, the Court did not refer to *Cain* in doing so or carve out an exception to the rule announced in *Cain*: that structural error is defined by the United States Supreme Court. *Williams*, 958 S.W.at 194.

The Fifth Circuit has explicitly held that *Ake* error is subject to harmless-error analysis. *White v. Johnson*, 153 F.3d 197, 201 (5th Cir. 1998) (citing *Tuggle v. Netherland*, 79 F.3d 1386, 1388 (4th Cir. 1996); *Brewer v. Reynolds*, 51 F.3d 1519, 1529 (10th Cir. 1995); *Starr v. Lockhart*, 23 F.3d 1280, 1291 (8th Cir. 1994), three other circuits that have "expressly concluded that *Ake* error is subject to harmless-error analysis."). Based on the absence of United States Supreme Court defining *Ake* error as structural error and in light of Fifth Circuit precedent holding that *Ake* error is not structural, notwithstanding *Williams*, after *Cain*, the harmless error rule for constitutional errors applies to *Ake* error. *Lighteard*, 982 S.W.2d at 535.

A court of appeals must reverse for any preserved error subject to harmless-error review that violated an appellant's constitutional rights unless it determines beyond a reasonable doubt that the error did not contribute to the conviction or

punishment. TEX. R. APP. P. 44.2(a). "The reviewing court should calculate, as nearly as possible, the probable impact of the error on the [fact finder] in light of the other evidence." *McCarthy v. State*, 65 S.W.3d 47, 55 (Tex. Crim. App. 2001). Factors that appellate courts should consider include the nature of the error, whether it was emphasized by the State, the probable implications of the error, and the weight the jury would likely have assigned to it in the course of its deliberations." *Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011).

Contrary to the appellant's assertion that the "onus" is "upon the State to prove the error was harmless" (Appellant Br. at 15), "the burden to demonstrate whether the appellant was harmed by a trial court error does not rest on either the appellant or the State." *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). Instead, "[i]t is the responsibility of the appellate court to assess harm after reviewing the record." *Id*.

Assuming, *arguendo*, that the trial court erred in denying the defendant a court-appointed analyst to review the notes the State's chemist made of his analysis of the cocaine, the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a). There is no reason to believe that review by a second analyst would have any effect on the case because the record does not demonstrate that independent review of an analyst's notes would be capable of uncovering "dry-labbing" or "fake results," the hypothetical fraud he alleges. For

11

this reason, there is no evidence of harm. *Id.*

The State asks this Court to overrule the appellant's first point of error.

## State's Reply to Point of Error Two

The trial court's denial of a jury charge instruction requiring the jury to find that the appellant knew he was in a drug free zone was not error because the State was not required to prove a culpable mental state with respect to the location of the offense.

In his second point of error, the appellant argues that the trial court erred in not charging the jury with regard to *mens rea* to the occurrence of the offense in a drug free zone. The trial court did not err because the State was not required to prove that the appellant knew that the prohibited conduct took place within a drug free zone.

## Standard of Review

"The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal." *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Where no proper objection was made to the jury charge at trial, the appellant may only obtain reversal if it resulted in egregious harm to the appellant. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

**Preservation of Error**

Defendants must make any objection to the jury charge in writing or dictate them to the court reporter, in the presence of the court and opposing counsel, in order to preserve the error. TEX. CODE CRIM. PROC. art. 36.14; *Chase v. State*, 448 S.W.3d 6, 12 (Tex. Crim. App. 2014). The appellant did not object to the charge in writing or by dictation in this case. *See* 6 RR 192–195. Thus, the appellant may only obtain reversal in this case if an error charge resulted in egregious harm. *Almanza*, 686 S.W.2d at 171.

**Argument and Authorities**

"The appellant asserts that the trial court erred in "dispensing" with a *mens rea* requirement for the fact of the occurrence of possession of a controlled substance in a drug-free zone. Appellant's Br. at 19. The court's ruling was not in error because the State was not required to prove that the appellant committed the offense with knowledge he was within a drug free zone.

Intermediate appellate courts in Texas considering the issue have uniformly held that the State does not have to prove a culpable mental state with respect to the location of the offense. As the appellant notes, this Court recently held that "the State was not required to prove that [the defendant's] knowing delivery of a controlled substance occurred while he was knowingly within a drug-free zone." *White v. State*, 480 S.W.3d 824, 827 (Tex. App.—Texarkana 2015, pet. granted).

13

The Dallas Court of Appeals has reached the same conclusion. *Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd). The Amarillo Court of Appeals has also observed that "a good deal of authority" holds "that the State need not prove a culpable mental state with respect to the location of the offense." *Bridges v. State*, 454 S.W.3d 87, 88–89 (Tex. App.—Amarillo 2014, pet. ref'd). *See also Uribe v. State*, 573 S.W.2d 819, 821 (Tex. Crim. App. [Panel Op.] 1978) (holding that there is no necessity to allege separate culpable mental state to raise penalty for offense of carrying handgun on premises where alcohol was sold); *Hurst v. State*, No. 04–13–00465–CR, 2014 Tex. App. LEXIS 5645, *6–7 (Tex. App.—San Antonio May 28, 2014, pet. ref'd) (mem. opinion, not designated for publication), citing *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000) ("Because a drug-free zone finding is necessary to enhance punishment, but is not an element of the offense or a separate offense, it need not be pled in the indictment."); *McFail v. State*, No. 10–03–00220–CR, No. 10–03–00221–CR, No. 10–03–00222–CR, 2004 Tex. App. LEXIS 11140 at *7 (Tex. App.—Waco 2004, pet. ref'd) (mem. opinion, not designated for publication); *Derrick v. State*, No. 01–96–00101–CR, 1999 Tex. App. LEXIS 187, *4 (Tex. App.—Houston [1st Dist.] Jan. 14, 1999, pet. ref'd) (not designated for publication) ("The State was not required to prove mens rea as to proximity to a school.").

Similarly, federal circuit courts interpreting a federal "schoolyard statute" providing "stiff penalties for anyone convicted of selling drugs within 1,000 feet of a public or private elementary or secondary school," have rejected a requirement that the dealer know that a sale was geographically within the prohibited area. *See e.g.*, *United States v. Falu*, 776 F.2d 46, 48–50 (2d Cir. 1985) ("Although we are aware that some schools are not clearly recognizable as such from all points within the 1,000-foot radius, Congress evidently intended that dealers and their aiders and abettors bear the burden of ascertaining where schools are located and removing their operations from those areas or else face enhanced penalties."); *United States v. Jackson*, 443 F.3d 293, 299 (3d Cir. 2006)("[T]he government does not have to show that the defendant had knowledge that he was possessing narcotics *within* 1,000 feet of a school.") (emphasis in original), citing *United States v. Dimas*, 3 F.3d 1015, 1022 (7th Cir. 1993); *Falu*, 776 F.2d at 50; *United States v. Koons*, 300 F.3d 985, 993 (8th Cir. 2002) (holding that "a defendant need not know that he distributed drugs within the 1,000 foot zone to be convicted"); *United States v. Wake*, 948 F.2d 1422, 1432 (5th Cir. 1991)(recognizing Congress' intent to create a drug-free zone).

The appellant argues as a matter of policy that Texas law disfavors "strict liability" offenses and that Texas criminal statutes generally require a culpable mental state. Appellant's Br. at 20–21. But, the crime the appellant was convicted

15

of—possession of cocaine with intent to deliver—contains a culpable mental state. A person commits the offense of delivery of a controlled substance if he knowingly delivers, or possesses with intent to deliver a controlled substance listed in penalty group one. TEX. HEALTH & SAFETY CODE § 481.112(a). Thus, the culpable mental state in section 481.112 of the Texas Health and Safety Code provides the mental state required for the offense. *See* TEX. HEALTH & SAFETY CODE § 481.112; *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989); *Williams v. State*, 127 S.W.3d at 445.

Furthermore, although the drug free zone provision raises the minimum term of confinement or imprisonment for possession of cocaine with intent to deliver, it does not create a separate offense because "its only effect is to raise the penalty when an enumerated offense is committed in a designated place." *Williams*, 127 S.W.3d at 445. The appellant's reliance on *Harris v. State*, 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd) to say that delivery of a controlled substance and delivery of a controlled substance within a drug-free zone are separate offenses is misplaced because that case actually addressed a different issue: whether the drug-free zone question should be addressed at the guilt/innocence phase or the punishment phase of trial. *See id*. at 51–52. Because of this context, *Harris* should not be construed to support the requirement of a separate *mens rea* for the fact of the occurrence of the offense in a drug-free zone.

16

The question of whether the possession took place in a drug free zone, a "fact that, by law, increase[d] the penalty for [the] crime" was "submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 2155 (2013). CR 90.

The appellant goes on to argue that *mens rea* should be assigned to drug-free zone allegations as a matter of policy. Appellants Br. at 24–25. But the legislature's intent to create a drug-free zone for the protection of children is not furthered by the application of a *mens rea* to this fact. In *Fleming v. State*, 455 S.W.3d 577 (Tex. Crim. App. 2014), the Court of Criminal Appeals held there is no fundamental right to a *mens rea* element regarding the age of the victim in sexual assault or murder statutes and declined to read a *mens rea* element into the statute because the statute serves the legitimate state objective of protecting children. *Id.* at 582. Following the same reasoning, federal courts have held that to "find that a requirement that the dealer know that a sale is geographically within the prohibited area would undercut [] unambiguous legislative design." *Falu*, 776 F.2d at 50. The federal courts' analysis applies here, where declining to read a *mens rea* requirement into the circumstances of the possession appropriately places the burden on those in possession of drugs "of ascertaining where schools are located and removing their operations from those areas or else face enhanced penalties." *Falu*, 776 F.2d at 50. *See also, Fleming*, 455 S.W.3d at 582.

17

Additionally, because drug possession is an act criminalized because of its very nature, it does not fall into the category of "otherwise innocent behavior" that "becomes criminal because of the circumstances under which it is done," and for which "a culpable mental state is required as to those surrounding circumstances." *McQueen*, 781 S.W.2d at 603.

The trial court did not err in denying the appellant a jury instruction requiring the jury to find the appellant knew he was in a drug-free zone.

**Harm**

The appellant argues that denial of the jury instruction harmed him because it raised the mandatory minimum sentence. Appellant's Br. at 26–27.

The appellant may only obtain reversal if the charge resulted in egregious harm to the appellant. *Almanza*, 686 S.W.2d at 171. "The appellant must have suffered actual, rather than theoretical, harm." *Warner*, 245 S.W.3d at 461. Reviewing courts should consider 1) the jury charge; 2) the state of the evidence, including the contested issues and the weight of the probative evidence; 3) the final arguments of the parties; and 4) any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

The appellant elected to go to the judge for punishment in this case. 5 RR 8. Subsequently, the jury made a finding that the appellant committed the offense of

possession of a controlled substance along with a special finding that at the time of the offense, he was in a drug free zone. CR 90. The judge then assessed a sentence of 30 years, relying on the jury's finding. CR 99.

Because the denial of the instruction could only impact punishment, if this Court finds reversible error, the "drug-free zone" finding should be struck from the judgment and the cause remanded for a new trial as to punishment only. *Jones v. State*, 300 S.W.3d 93, 99–101 (Tex. App.—Texarkana 2009, no pet.).

### State's Reply to Point of Error Three

The trial court did not violate the appellant's sixth amendment rights by limiting his closing argument because his argument regarding the drug-free zone conflicted with the law in the charge and thus he was not entitled to make it.

In his third point of error, the appellant argues that the trial court erred in not allowing him to argue to the jury that "if possession in a drug-free zone is part of the crime, then knowing it's a drug-free zone is also part of the crime." Appellant's Br. at 31. The trial court did not err because, given the charge, this was not an argument he was entitled to make.

**Standard of Review**

The trial court's ruling restricting a defendant's jury argument is reviewed for abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). However, improper denial of a jury argument may constitute a denial of the

19

defendant's right to counsel if the jury argument is one the defendant is entitled to make. *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989), *cert. denied*, 494 U.S. 1060 (1990)

**Argument and Authorities**

The appellant asserts that "in the absence of binding precedent by the Court of Criminal Appeals or the Third District Court of Appeals or clearly delineated instructions in the jury charge limiting the *mens rea* to the simple act of possession, [he] was entitled to rely upon the ambiguity to persuade the jury that it should apply the *mens rea* for both the act of possession itself and the proscribed location." Appellant's Br. at 31. This is incorrect because the jury was the finder of fact and was bound to receive the law from the court.

A trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. TEX. CODE CRIM. PROC. art. 36.14; *Perez v. State*, 537 S.W.2d 455 (Tex. Crim. App. 1976); *Harris v. State*, 522 S.W.2d 199 (Tex. Crim. App. 1975). The court must charge on all the essential elements of an offense. *Rider v. State*, 567 S.W.2d 192, 195 (Tex. Crim. App. 1978); *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004). "Where the indictment alleges the proper culpable mental state, but the charge to the jury omits such culpable mental state, an essential element, the charge, is fundamentally

20

defective." *Archie v. the State of Texas*, 615 S.W.2d 762, 766 (Tex. Crim. App. 1981)(citations omitted).

Generally, permissible jury argument concerns (1) a summation of the evidence; (2) reasonable deductions from the evidence; (3) answering argument of opposing counsel; or (4) pleas for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (en banc). Argument that misstates the law or is contrary to the court's charge is improper. *Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990) (en banc).

In this case, the trial court sustained the State's objection to Counsel's statement during closing argument that "if possession in a drug-free zone is part of the crime, then knowing it's a drug-free zone is also part of the crime" as a "misstatement of the law." 7 RR 28. Following this, at the bench, the court admonished the appellant that it had ruled on the appellant's legal objection to the charge and that the ruling was contained in "the law that I gave the jury." 7 RR 29. The court then reiterated to the jury that "the law of the Court" and the "law that applies to the case" was contained in the charge. 7 RR 29–30. This ruling did not constitute an abuse of discretion.

The appellant was entitled to have the jury charged on all elements of the offense. *Rider*, 567 S.W.2d at 195. But he was not entitled to argue to them that they could apply a law different from that in the charge. *Whiting*, 797 S.W.2d at

21

48. The appellant's argument is incompatible with the principle that "the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. art. 36.13.

The appellant disputes that his argument was contrary to the charge. Appellant's Br. at 31. The charge states "if you have found the defendant guilty and you further find beyond a reasonable doubt that the defendant committed the offense in a drug-free zone, to wit: within 1,000 feet of the premises of a school, namely, St. David's Episcopal School located at 301 East 8th Street, Austin, Texas, you will so state." CR 86. Thus, the paragraph charging the drug-free zone, unlike the paragraph above, charging possession, contains no *mens rea* requirement. *Id.* Given that language in the charge, the jury did not have to find that the appellant knew he was in a drug free zone when he committed the offense in order to make the drug-free zone finding. *Id.* Adding a mental state requirement where it is absent from the charge constitutes arguing contrary to the charge. *See, Whiting v. State*, 797 S.W.2d at 48.

There exists a general presumption that the jury followed the court's instruction. *See, Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If the jury had rejected the drug free zone finding because they did not believe the appellant *knew* he was in a drug free zone, the basis for their rejection of the finding would not have been discernable from the charge.

22

"Although [the Court of Criminal Appeals has] held that improper denial of a jury argument may constitute a denial of the right to counsel, this holding assumes that the jury argument is one the defendant is entitled to make." *Davis v. State*, 329 S.W.3d at 825 **;** *Jackson v. State*, 992 S.W.2d 469, 476 (Tex. Crim. App. 1999). The trial court made it clear that the "ambiguity" the appellant identifies in the charge was not intended and that his argument was contrary to the law in the charge. 7 RR 29. Because the appellant was not entitled to present a statement of the law that was contrary to that presented in the charge to the jury, the court did not deprive him of effective assistance of counsel when it upheld the State's objection to his statement. *Jackson*, 992 S.W.2d at 476; *Whiting*, 797 S.W.2d at 48; *McGee v. State*, 774 S.W.2d at 238.

**Harm**

The appellant claims that if he had been able to argue to the jury that "knowing it's a drug-free zone" was required for the finding, he would have been able to prevent an affirmative finding on the drug-free zone, changing the minimum punishment. Appellant's Br. at 32–33.

The trial court's ruling is reviewed under the constitutional error standard to determine whether it was harmless beyond a reasonable doubt. TEX. R. APP. P. 44.2(a); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

23

The charge asked the jurors to find whether the "defendant committed the offense in a drug-free zone" not whether he "knowingly committed the offense in a drug free zone." CR 86. If the appellant had argued that "knowing it's a drug-free zone" was also a requirement, the State would likely have argued in rebuttal that the charge did not include this requirement. The State's argument would have a stronger foundation in the charge.

Nonetheless, if this court finds that the appellant by his argument could have prevented an affirmative finding on as to whether the offense was committed in the drug-free zone, the "drug-free zone" finding from the judgment should be struck from the judgment and the cause remanded for a new trial as to punishment only. *Jones v. State*, 300 S.W.3d at 99–101.

The State asks this Court to overrule the appellant's third point of error.

## Prayer

For these reasons, the State prays this Court to overrule appellant's points of error and affirm the trial court's judgment.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

*/s/ Rosa Theofanis*
ROSA THEOFANIS
Texas Bar No. 24037591
Assistant District Attorney
Travis County District Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Phone: 512.854.9400
Fax: 512.854.4810
Email: Rosa.Theofanis@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

25

**Certificate of Compliance**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), effective December 1, 2012, the State certifies that the length of this brief is 5,283 words. The State also certifies, pursuant to Texas Rule of Appellate Procedure 9.4(e), a conventional typeface 14–point was used to print this brief.

*/s/ Rosa Theofanis*
ROSA THEOFANIS
Assistant District Attorney

**Certificate of Service**

This is to certify that the above State's brief has been served on the appellant by U.S. mail, electronic mail, by facsimile, or electronically through the electronic filing manager to his attorney Alexander Calhoun, 4301 W. William Cannon Drive, B–150, #260, Austin, Texas, 78749, <alcalhoun@earthlink.net> on this 1st day of July, 2016.

*/s/ Rosa Theofanis*
ROSA THEOFANIS
Assistant District Attorney